BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
COURTNEY E. POZMANTIER (SBN 242103)
CPozmantier@GreenbergGlusker.com
LORI L. WERDERITCH (SBN 247345)
LWerderitch@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Plaintiff Howard Grobstein as
Liquidating Trustee of L. Scott Apparel Inc.
Bankruptcy Liquidating Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>L. SCOTT APPAREL, INC.,<br><br>　　　　　　　Debtor. | Case No. 2:13-bk-26021-RK<br><br>Chapter 11<br><br>　Adv. No. |
| HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel Inc.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LOWELL S. SHARRON, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | **COMPLAINT FOR:**<br><br>**FRAUDULENT TRANSFER**<br><br>**RECHARACTERIZATION OF DEBT**<br><br>**IMPROPER DISTRIBUTIONS**<br><br>**BREACH OF FIDUCIARY DUTY**<br><br>**GOODS SOLD AND DELIVERED**<br><br>**ALTER EGO**<br><br>**CORPORATE WASTE**<br><br>**OBJECTION TO CLAIM**<br><br>　**PREFERENCE** |

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Plaintiff Howard Grobstein, in his capacity as Liquidating Trustee of the L. Scott Apparel, Inc. Bankruptcy Liquidating Trust ("Trustee" or "Plaintiff"), alleges as follows:

## I.    THE PARTIES

1.    Plaintiff Howard Grobstein was appointed as the Liquidating Trustee of the L. Scott Apparel, Inc. Bankruptcy Liquidating Trust on April 3, 2014.

2.    Plaintiff is informed and believes, on thereon alleges, that Defendant Lowell S. Sharron ("Sharron") is an individual and, at all times material to this Complaint, was a resident of the County of Los Angeles, California and the President, Chief Executive Officer, Chief Financial Officer , Secretary, and Director of L. Scott Apparel, Inc. ("L. Scott" or "Debtor"), as well as the trustee or beneficiary of the majority shareholder trust(s) of Debtor.

3.    On or around December 23, 2013, Sharron filed a proof of claim in the amount of $766,783.74 (the "Proof of Claim").  Sharron is further scheduled as a creditor of Debtor's estate in the amount of $37,728 (collectively, with the Proof of Claim, the "Sharron Claims"). Sharron's wife, Gabrielle Belitz-Sharron ("Gabrielle"), is also scheduled as a creditor of Debtor's estate in the amount of $13,845.

4.    Plaintiff is informed and believes, on thereon alleges, that Defendant Beyond Basics, LLC dba Daily Threads ("Beyond Basics") is a California limited liability company that, at all times material to this Complaint, had its principal place of business in the County of Los Angeles.

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff at the present time who therefore sues such defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of the Doe defendants when they have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that Does 1 through 10, inclusive, were responsible in some manner for the acts and transactions hereinafter alleged and are liable to plaintiff therefor.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

6.      Plaintiff is informed and believes, and based thereon alleges, that in doing the acts alleged herein, each of the defendants was the agent, principal, employee, co-conspirator and/or alter ego of one or more of the other defendants, and acted with one or more of the other defendants' knowledge, consent and approval and/or within the course and scope of such agency, employment or conspiracy and/or as one or more of the other defendants' alter ego.  As such, each of the defendants is responsible for the liabilities of the other defendants, as alleged herein.

## II.    JURISDICTION AND VENUE

7.      An involuntary petition was filed against the Debtor under chapter 7 of the Bankruptcy Code on June 19, 2013.  On August 7, 2013, the Debtor filed a motion to convert the case to a case under chapter 11 of the Bankruptcy Code.  On August 13, 2013, the Court entered an order converting the case.  The order for relief was entered in the chapter 11 case on August 23, 2013.

8.      The Court entered an order confirming the *Amended Plan of Reorganization (As Modified)* (the "Plan") on April 3, 2014.  The Plan became effective on April 18, 2014, establishing the Liquidating Trust for the benefit of all holders of allowed claims ("Beneficiaries") and, to the extent the Beneficiaries are paid in full with interest, the holders of allowed interests in the Debtor.

9.      The Liquidating Trust was organized to identify, recover, preserve, monitor, receive, liquidate, and distribute those of Debtor's assets that were transferred to the Liquidating Trust.  Except as otherwise provided for in the Plan, the Liquidating Trust is not Debtor's successor.  Debtor has preserved, transferred, and assigned to the Liquidating Trust all of the rights, claims, powers, objections, defenses, setoffs, and actions of the Debtor in its estate.

10.     Pursuant to the Plan, Plaintiff is authorized to initiate, prosecute, compromise, and/or resolve all such claims in the name of the Liquidating Trust, including all causes of action and/or avoidance rights under the Bankruptcy Code (*e.g.*, actions that could have been commenced by the Debtor under sections 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553, and/or which may be brought against any entity receiving a transfer from the Debtor).

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    11.    Under the Plan, the Bankruptcy Court has continuing non-exclusive jurisdiction to

2    hear and determine any litigation commenced with respect to such claims.

3    12.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and

4    1334(a).  This is a core proceeding pursuant to 28 U.S.C. §157.

5    13.    Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

6    ### III.    GENERAL ALLEGATIONS

7    #### A.    Background and the Personal Transfers

8    14.    L. Scott Apparel, Inc. ("L. Scott" or "Debtor") is a garment manufacturer that was

9    in business for more than 12 years.  The company historically sold finished garments to retailers,

10    including many major retail chains.  It used various suppliers to manufacture the garments in

11    accordance with customer specifications and quality requirements, doing business under the name

12    "6 Degrees" and selling in the junior segment.

13    15.    Prior to the filing of the involuntary petition, Plaintiff is informed and believes and

14    thereon alleges that Sharron, as an officer and director of L. Scott, regularly transferred

15    substantial funds between L. Scott and himself for a variety of purposes, including to finance his

16    and his family's lifestyle, as well as fund a completely unrelated entity known as Beyond

17    Basics.

18    16.    Plaintiff is informed and believes and thereon alleges that Sharron's personal use

19    of funds he transferred from Debtor includes, without limitation, the purchase of groceries, the

20    building and furnishing of a personal residence in Malibu, cosmetic and beauty procedures for

21    Gabrielle, jewelry, security equipment for the family home, luxury apparel, family vacations,

22    automobiles, his daughter's nanny, his pet's veterinarian bills, and his daughter's private school

23    (collectively, the "Personal Transfers").

24    17.    The Personal Transfers constitute a significant percentage of the individual line

25    items in the books and records of Debtor, for example:

26    •    At least $106,000, but as potentially as much as $330,000, related to personal

27    credit card transactions on Debtor's corporate cards between December 2011 and

28    June 2013 (*e.g.*, $1,253.41 at Bed, Bath & Beyond, $3,696.41 at CVS, $1,243.55

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

for physical therapy, $6,200 at the Geffen Playhouse, $14,778.80 at Keyboard Concepts, $1,878.32 at Pavilions, $6,437.51 at Snyder Diamond, $2,155.00 for day camp, $5,230.47 at Whole Foods, and $1,392.00 at Williams Sonoma).

- $26,100 paid to Sharron's personal nanny between 2012 and 2013 (who was on Debtor's payroll notwithstanding the fact that she did not actually perform work for Debtor or report to Debtor's offices).

- $24,695 paid for Sharron's daughter's private school in 2011.

18.     Annually, the Personal Transfers aggregate to at least $392,131.55 for 2011, $210,402.67 for 2012, and $51,609.55 for 2013.  They further include the improper payments made to the Sharron family nanny and to Gabrielle.

19.     Plaintiff is informed and believes and thereon alleges that Sharron "employed" Gabrielle at L. Scott, compensating her with a salary disproportionately large to the value of any services she actually rendered, as well as reimbursing her for expenses (such expenses include, but are not limited to, $9,375 for mileage reimbursement and $7,318.25 for expenses, both dated June 10, 2013 – just nine days before the filing of the petition).

20.     Plaintiff is informed and believes and thereon alleges that Gabrielle was on Debtor's payroll up to and including the petition date, receiving $5,000 to $6,000 per month, but that during the time period preceding the petition's filing, Gabrielle did not regularly report to Debtor's offices nor perform regular job duties.  Plaintiff is informed and believes and thereon alleges that any job duties purportedly "assigned" to Gabrielle were actually performed by other of Debtor's employees.

21.     Plaintiff is informed and believes and thereon alleges that Debtor received neither benefit nor reasonably equivalent value for the Personal Transfers.

22.     According to Debtor's books and records, Sharron currently owes L. Scott at least $666,017.

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**B.**     **The Sharron Transfer and Note**

23.     In or around 2002 and 2003, Sharron caused Debtor to record in its books transfers from him to Debtor in the amount of $350,000 as a liability (together, the "Sharron Transfer").

24.     Subsequently, on or around December 31, 2008, Debtor and Sharron executed a note (the "Note") purporting to convert the Sharron Transfer to a loan.  By its terms, the Note was to accrue interest at a rate of 6% per annum and reach maturity on January 1, 2010.

25.     However, based on Plaintiff's review of the Debtor's books and records, no principal payment was ever made on the Note, including at its maturity.

**C.**     **The Beyond Basics Transfers**

26.     Plaintiff is informed and believes and thereon alleges that Sharron is the majority owner of Beyond Basics, a manufacturer of children's clothing.

27.     Plaintiff is informed and believes and thereon alleges that, in addition to the funds Sharron transferred from L. Scott for his own personal use, Sharron further caused Debtor to transfer substantial funds to Beyond Basics for the purposes of funding the majority of Beyond Basics' day to day operations  and for capitalizing Beyond Basics ("Beyond Basics Transfers").

28.     For example, Plaintiff is informed and believes and thereon alleges that Sharron regularly authorized and facilitated L. Scott's providing of the financial support necessary to sustain the very existence of Beyond Basics, including:

- Debtor's purchase of all of Beyond Basics' supplies and inventory;
- Beyond Basics operated on L. Scott's premises;
- Debtor's funding of Sharron's own $50,000 initial capital contribution in Beyond Basics;
- Debtor's employees (such as the fabric buyers, cutters, and sample makers) working for Beyond Basics while on Debtor's payroll, even after Debtor's own operations had ceased due to the filing of the involuntary petition; and/or
- Debtor's payment of Beyond Basics' overhead costs.

29.     Plaintiff is informed and believes and thereon alleges that Beyond Basics was not capitalized with any capital of Sharron, but that rather $50,000 of the initial advances that L. Scott

made for the benefit of Beyond Basics were revised in the Debtor's books to be recorded as a capital investment by Sharron in Beyond Basics, with that amount still owing to L. Scott as part of Sharron's "Due from Officer" account.

30.     Annually, the Beyond Basics Transfers aggregate to at least $201,815.95 for 2011, $303,177.49 for 2012, and $98,827.31 for 2013.  They further include any improper payments made to Debtor's employees for the benefit of Beyond Basics.

31.     Plaintiff is informed and believes that Debtor received neither benefit nor reasonably equivalent value for the Beyond Basics Transfers.

32.     According to Debtor's books and records, Beyond Basics currently owes L. Scott at least $603,820.75 as of 2013.

## IV.     INSOLVENCY ALLEGATIONS

33.     As early as 2011, Debtor's books and records reflect liabilities in excess of its assets.  Pursuant to Cal. Civ. Code §3439.02 and 11 U.S.C. §101(32), in calculating whether the Debtor's liabilities exceeded its assets, the assets exclude the property transferred, concealed, or removed with intent to hinder, delay, or defraud Debtor's creditors and/or those transfers that are voidable.

34.     The Debtor's was insolvent at the time that Personal Transfers and the Beyond Basics Transfers were made in 2011, 2012 and 2013, as follows:

| YEAR | DUE DEBTOR FROM SHARRON | DUE DEBTOR FROM BEYOND BASICS | SUM OF DUE FROM | SHAREHOLDER EQUITY IN DEBTOR | EQUITY LESS DUE FROM |
|------|-------------------------|-------------------------------|-----------------|------------------------------|----------------------|
| 2011 | $392,131.55 | $201,815.95 | $593,947.50 | $502,289.00 | -$91,659 |
| 2012 | $210,402.67 | $303,177.49 | $513,580.16 | $387,218.00 | -$126,362.16 |

35.     Based on Debtor's tax returns, Debtor's assets in 2013 totaled $2,721,315, while Debtor's 2013 liabilities totaled $3,657,462.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## V.    ALTER EGO ALLEGATIONS

36.    As alleged above, Sharron commingled L. Scott's funds with his own and with that of Beyond Basics.  Sharron further commingled L. Scott's assets with Beyond Basics' assets.

37.    Sharron failed to segregate himself or Beyond Basics from L. Scott.  Rather, he treated Debtor's funds and assets as Beyond Basics' assets and as his own assets.

38.    With respect to L. Scott, Sharron disregarded legal formalities and failed to maintain an arm's length relationship among Debtor, himself, and Beyond Basics.

39.    Sharron diverted L. Scott's assets for his own personal use and for use by Beyond Basics, to the detriment of Debtor's creditors.

40.    Sharron caused L. Scott to advance funds for the benefit of Beyond Basics and also to fund Sharron's personal capitalization of Beyond Basics.

41.    During the relevant time period, there was such a unity of interest and ownership between L. Scott, Sharron, and Beyond Basics that any prior separateness that may have ever existed ceased to exist.  Indeed, any adherence to the fiction of separate existences of L. Scott, Sharron, and/or Beyond Basics would sanction fraud and/or promote injustice.

### FIRST CLAIM FOR RELIEF

### (Against All Defendants for

### Avoidance and Recovery of Fraudulent Transfer

### Pursuant to 11 U.S.C. §§548(a)(1)(A) and 550)

### (Actual Fraud)

42.    Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

43.    The Beyond Basics Transfers, the Personal Transfers, and the Sharron Transfer (collectively hereinafter referred to as the "Transfers") each constitute a transfer of Debtor's interest in property to Beyond Basics and/or to Sharron.

44.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud Debtor's then-existing or future creditors.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

45.    Plaintiff is informed and believes, and based thereon alleges, that Sharron knew as early as 2012 and certainly in 2013: (a) that Debtor was insolvent and that bankruptcy was imminent, and (b) that the Transfers would reduce the amount of assets available for distribution to Debtor's creditors.  As such, Sharron knew to a substantial certainty that the inevitable consequence of making the Transfers would be to hinder, delay, or defraud Debtor's creditors.  Further, the Transfers were primarily made to or for the benefit of Sharron and/or Beyond Basics.

46.    Debtor did not receive reasonably equivalent value in exchange for the Transfers.

47.    Accordingly, Plaintiff is entitled to avoid and recover the Personal Transfers and the Beyond Basics Transfers, plus interest thereon as allowed by law.

### SECOND CLAIM FOR RELIEF

### (Against All Defendants for

### Avoidance and Recovery of Fraudulent Transfer

### Pursuant to 11 U.S.C. §544 and California Civil Code §3439.04(a)(1))

### (Actual Fraud)

48.    Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

49.    The Transfers each constitute a transfer of Debtor's interest in property to Beyond Basics and/or to Sharron.

50.    Plaintiff is informed and believes, and based thereon alleges, that Sharron knew as early as 2012 and certainly in 2013: (a) that Debtor was insolvent and that bankruptcy was imminent, and (b) that the Transfers would reduce the amount of assets available for distribution to Debtor's creditors.  As such, Sharron knew to a substantial certainty that the inevitable consequence of making the Transfers would be to hinder, delay, or defraud Debtor's creditors.  Further, the Transfers were primarily made to or for the benefit of Sharron and/or Beyond Basics.

51.    Debtor did not receive reasonably equivalent value in exchange for the Transfers.

52.    At the times of the Transfers, Debtor (a) was engaged in a business or transaction for which its remaining assets were unreasonably small in relation to that business or transaction, (b) intended to incur, or believed or reasonably should have believed that it would incur, debts

1  beyond its ability to pay as they came due, and/or (c) was insolvent in that the sum of Debtor's

2  debts were greater than the sum of its assets.

3      53.    Accordingly, Plaintiff is entitled to avoid and recover Personal Transfers and the

4  Beyond Basics Transfers pursuant to 11 U.S.C. §544(b)(1), state common law, and Cal. Civ.

5  Code §3439.04(a)(1), plus interest thereon as allowed by law.

6  **THIRD CLAIM FOR RELIEF**

7  **(Against All Defendants for**

8  **Avoidance and Recovery of Fraudulent Transfer**

9  **Pursuant to 11 U.S.C. §544 and California Civil Code §§3439.04(a)(2) and 3439.05)**

10  **(Constructive Fraud)**

11      54.    Plaintiff refers to and incorporates by reference, as though fully set forth herein,

12  each of the foregoing allegations of this Complaint.

13      55.    The Transfers each constitute a transfer of Debtor's interest in property to Beyond

14  Basics and/or to Sharron.

15      56.    The Transfers were made without Debtor receiving reasonably equivalent value in

16  exchange.

17      57.    At the times of the Transfers, Debtor (a) was engaged in a business or transaction

18  for which its remaining assets were unreasonably small in relation to that business or transaction,

19  (b) intended to incur, or believed or reasonably should have believed that it would incur, debts

20  beyond its ability to pay as they came due, and/or (c) was insolvent in that the sum of Debtor's

21  debts were greater than the sum of its assets.

22      58.    Plaintiff is informed and believes, and based thereon alleges, that at the times of

23  the Transfers, at least one creditor of Debtor existed who held an allowable unsecured claim as of

24  the filing of the petition and could have avoided the Transfers under applicable state law common

25  law and/or Cal. Civ. Code § 3439.05.

26      59.    Plaintiff is entitled to avoid and recover the Personal Transfers and the Beyond

27  Basics Transfers pursuant to 11 U.S.C. §544(b)(1), state common law, and Cal. Civ. Code

28  §§3439.04(a)(2) and 3439.05, plus interest thereon as allowed by law.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **FOURTH CLAIM FOR RELIEF**

2    **(Against All Defendants for**

3    **Violation of Cal. Corp. Code §501)**

4    60.    Plaintiff refers to and incorporates by reference, as though fully set forth herein,

5    each of the foregoing allegations of this Complaint.

6    61.    As alleged herein, Sharron was the majority shareholder of Debtor and received in

7    2013, along with Beyond Basics, distributions from Debtor at a time when, as a result of the

8    distributions, the Debtor became unable to meet its liabilities as they became due.

9    62.    The actions alleged herein constitute a violation of California Corporations Code

10    section 501, thereby injuring Debtor in an amount to be proven at trial.

11    63.    Sharron is fully liable for the damages and injuries suffered by Debtor, plus

12    interest thereon as allowed by law.

13    **FIFTH CLAIM FOR RELIEF**

14    **(Against All Defendants for Declaratory Relief**

15    **Characterizing the Sharron Transfer)**

16    64.    Plaintiff refers to and incorporates by reference, as though fully set forth herein,

17    each of the foregoing allegations of this Complaint.

18    65.    An actual controversy exists between Plaintiff and Sharron concerning the Sharron

19    Transfer and the Note.

20    66.    A transaction should be characterized according to its true nature rather than the

21    name given to the transaction by the parties.  The terms of the Note and the manner in which

22    Sharron failed to enforce his rights thereunder demonstrate that the Sharron Transfer represents

23    an equity investment by Sharron, rather than a loan.  Among the indicia that the transaction

24    should be characterized as an equity investment are: (a) Sharron's failure to enforce his rights

25    when the Debtor failed to pay the principal upon maturity, (b) the fact that the "long term

26    liability" was converted to a "loan" after a five year period of time, and (c) the fact that Debtor is

27    believed to have been undercapitalized and the Sharron Transfer was used to fund the company.

28    / / /

67.    The Debtor's estate has been damaged by the making of the Sharron Transfer inasmuch as the Sharron Transfer was characterized as a debt when in fact it was an equity investment.

68.    Plaintiff has a right to declaratory relief pursuant to 11 U.S.C. §105 confirming that the Sharron Transfer constitutes and should be characterized as an equity investment by Sharron, rather than a debt.  Plaintiff is informed and believes and thereon alleges that Sharron contests this characterization.

## SIXTH CLAIM FOR RELIEF

### (Against Lowell Sharron for

### Breach of Fiduciary Duty)

69.    Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

70.    At all relevant times, Sharron owed, as a corporate director and officer, a fiduciary duty to L. Scott.  This fiduciary duty imposed upon Sharron the duty to act in good faith, in the best interests of the corporation, with such care as an ordinary person in a like position would use under similar circumstances, and without conflict of interest.

71.    In engaging in the conduct, and directing, causing, authorizing and/or entering into the Transfers described and alleged herein, Sharron failed to act in L. Scott's best interests and violated that fiduciary duty.

72.    As a proximate result of Sharron's breaches of fiduciary duty, L. Scott suffered damages in an amount to be established at trial.

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants for

### Goods Sold and Delivered – Agreed Upon Price)

73.    Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74.     Debtor, the alter-ego of Defendants, is indebted to a variety of its vendors for goods sold and delivered at an agreed upon price.  Holders of such allowed claims, and for whose benefit Plaintiff is authorized to bring this cause of action (pursuant to the Plan), include:

| Holder of Allowed Claim | Amount of Allowed Claim |
|---|---|
| Donshen Textile Holdings Ltd. | $292,364 |
| Huize Trading Ltd. | $114,344 |
| PTC Fashion Inc. | $134,119 |
| Zeller Textile Co. Ltd. | $1,342,621 |
| **Total** | $1,883,448 |

75.     Debtor similarly owes other holders of allowed claims for whom Plaintiff is also authorized to act for in recovering such debts.

76.     Although demand was made, Debtor has not paid any part of the sums due to these holders of allowed claims and, as such, they have been damaged in an amount to be established at trial, but in no case less than $1,883,448, plus interest thereon as allowed by law.  These sums may be recovered from Debtor's alter-egos, Sharron and Beyond Basics.

**EIGHTH CLAIM FOR RELIEF**

**(Against All Defendants for**

**Corporate Waste)**

77.     Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

78.     In connection with the Transfers, Sharron failed to properly consider the interests of Debtor notwithstanding his position as a director and officer of Debtor.  Sharron caused Debtor to waste valuable corporate assets due to his activities and/or misuse of corporate assets.

79.     The Transfers were so one-sided that no business person of ordinary and sound judgment could conclude that Debtor received adequate consideration in connection therewith.  Rather, the Transfers constituted gifts to Sharron and Beyond Basics.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

80.     Each of these Transfers constitutes an act of corporate waste that harmed Debtor by proximately causing damage relating to the Transfers and by destroying Debtor's business.  As a result, Sharron is liable to Plaintiff for damages in an amount to be determined at trial.  Such sum may also be recovered from Sharron's alter-ego, Beyond Basics.

**NINTH CLAIM FOR RELIEF**

**(Against Lowell Sharron for**

**Equitable Subordination)**

81.     Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

82.     The Sharron Claims have been filed and/or scheduled in Debtor's bankruptcy case, including Proof of Claim number 18.

83.     Sharron engaged in inequitable conduct as described in detail above.  Sharron's inequitable conduct not only injured Debtor and its creditors, but also conferred an unfair advantage on Sharron and Beyond Basics.

84.     Equitable subordination of the Sharron Claims is not inconsistent with the Bankruptcy Code.

85.     Accordingly, Plaintiff requests that the Sharron Claims be equitably subordinated to the claims of all other creditors pursuant to 11 U.S.C. §510(c)(1).

**TENTH CLAIM FOR RELIEF**

**(Against Lowell Sharron for**

**Objection to Claims)**

86.     Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

87.     The Sharron Claims have been filed and/or scheduled in Debtor's bankruptcy case, including Proof of Claim number 18.

/ / /

/ / /

/ / /

1    88.    Plaintiff hereby objects to the Sharron Claims because the Sharron Claims should

2    be disallowed and/or subject to setoff, recoupment, and/or withholding based on the affirmative

3    causes of action asserted herein.

### ELEVENTH CLAIM FOR RELIEF

### (Against Lowell Sharron for

### Avoidance and Recovery of Preferential Transfer

### Pursuant to 11 U.S.C. §§547 and 550)

8    89.    Plaintiff refers to and incorporates by reference, as though fully set forth herein,

9    each of the foregoing allegations of this Complaint.

10    90.    The Debtor's books and records reflected the Sharron Transfer.

11    91.    During the year immediately prior to the filing of the petition (the "Preference

12    Period"), on or about December 31, 2012, Debtor credited Sharron with the sum of $10,500 (the

13    "Preference Payment") for accrued interest on the Sharron Transfer.

14    92.    The Preference Payment constituted a transfer to Sharron.

15    93.    The Preference Payment made during the Preference Period was a transfer of

16    Debtor's interest in property on account of an antecedent debt owed by Debtor before such

17    transfer was made.

18    94.    The Preference Payment made during the Preference Period was made while

19    Debtor was insolvent.

20    95.    At the time of the Preference Payment, Sharron was an insider.

21    96.    The Preference Payment made during the Preference Period enabled Sharron to

22    receive more than he would have received if Debtor's case had been converted to one under

23    chapter 7 of the bankruptcy code, the Preference Payment had not been made, and/or Sharron had

24    received payment on the purported debt to the extent provided by the bankruptcy code.

25    97.    Accordingly, pursuant to 11 U.S.C. §§547 and 550, Plaintiff is entitled to

26    avoidance of the Preference Payment during the Preference Period.

27    / / /

28    / / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### ON THE FIRST THROUGH THIRD CLAIMS FOR RELIEF

1. For all Transfers be avoided in an amount according to proof at trial;

2. For all avoided Transfers, or the value thereof, to be recovered by the Trustee;

3. For costs of suit incurred herein;

4. For an award of interest where authorized by law; and

5. For such other and further relief as the Court deems just and proper.

### ON THE FOURTH CLAIM FOR RELIEF

6. A judgment for disgorgement of all distributions received by the Sharron and Beyond Basics in violation of Corporations Code section 501.

7. For costs of suit incurred herein;

8. For an award of interest where authorized by law; and

9. For such other and further relief as the Court deems just and proper.

### ON THE FIFTH CLAIM FOR RELIEF

10. For a judgment declaring that, pursuant to 11 U.S.C. §105, the Sharron Transfer be characterized as an equity investment and not as a secured or unsecured claim.

11. For costs of suit; and

12. For such other and further relief as the Court deems just and proper.

### ON THE SIXTH CLAIM FOR RELIEF

13. For compensatory and punitive damages according to proof;

14. For costs of suit; and

15. For such other and further relief as the Court deems just and proper.

### ON THE SEVENTH  CLAIM FOR RELIEF

16. For damages according to proof;

17. For an award of interest where authorized by law;

18. For costs of suit; and

19. For such other and further relief as the Court deems just and proper.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### ON THE EIGHTH  CLAIM FOR RELIEF

20. For damages according to proof;

21. For an award of interest where authorized by law;

22. For costs of suit; and

23. For such other and further relief as the Court deems just and proper.

### ON THE NINTH CLAIM FOR RELIEF

24. Equitably subordinating the Sharron Claims under 11 U.S.C. §510(c)(1); and

25. For such other and further relief as the Court deems just and proper.

### ON THE TENTH CLAIM FOR RELIEF

26. For authorization of setoff, recoupment, and/or withholding against the Sharron Claims;

27. For an order disallowing the Sharron Claims; and

28. For such other and further relief as the Court deems just and proper.

### ON THE ELEVENTH CLAIM FOR RELIEF

29. For the Preference Payment made during the Preference Period to be avoided;

30. For the Preference Payment made during the Preference Period, or the value thereof, to be recovered by Plaintiff;

31. For an aware of interest where authorized by law;

32. For costs of suit herein; and

33. For such other and further relief as the Court deems just and proper.

DATED:  March 3, 2015                    GREENBERG GLUSKER FIELDS CLAMAN
                                         & MACHTINGER LLP

                                         By:  _/s/ Brian L. Davidoff_
                                         BRIAN L. DAVIDOFF
                                         Attorneys for Howard Grobstein, Liquidating
                                         Trustee of L. Scott Apparel Inc. Bankruptcy
                                         Liquidating Trust

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>BRIAN L. DAVIDOFF (SBN 102654)<br>BDavidoff@GreenbergGlusker.com<br>COURTNEY E. POZMANTIER (SBN 242103)<br>CPozmantier@GreenbergGlusker.com<br>LORI L. WERDERITCH (SBN 247345)<br>LWerderitch@GreenbergGlusker.com<br>GREENBERG GLUSKER FIELDS CLAMAN<br>& MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California  90067-4590<br>Telephone:  310.553.3610<br>*Attorney for Plaintiff* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>L. SCOTT APPAREL, INC.<br><br><br><br>Debtor(s). | CASE NO.: 2:13-bk-26021-RK<br><br>CHAPTER: 11<br><br><br>ADVERSARY NUMBER: |
| HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel, Inc.,<br><br><br>Plaintiff(s)<br><br>Versus<br><br>LOWELL S. SHARRON, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Place:**<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                           Page 1                              **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                            Page 2                                            **F 7004-1.SUMMONS.ADV.PROC**

FORM B104  (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel, Inc. | DEFENDANTS<br>Lowell S. Sharron, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; DOES 1-10 inclusive, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Greenberg Glusker Fields Claman & Machtinger LLP<br>1900 Ave. of the Stars, 21st Floor, Los Angeles, CA 90067<br>Tel: 310.553.3610 | ATTORNEYS<br>Llyod S. Mann, Mann & Zarpas LLP, 15233 Ventura Blvd., Ste. 714, Sherman Oaks, CA 91403-2236<br>Lowell S. Sharron, 1517 S. Mateo St., Los Angeles, CA 90021 |
| PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraudulent transfer 11 U.S.C. §§ 544 and 548; Cal-Corp Code § 501; Declaratory Relief; Breach of Fiduciary Duty; Alter Ego; Equitable Subordination; and Preference 11 U.S.C. § 547.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

[3] 12-Recovery of money/property - §547 preference

[1] 13-Recovery of money/property - §548 fraudulent transfer

[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

[4] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

[5] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,500,000.00 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br><br>L. Scott Apparel Inc. | **BANKRUPTCY CASE NO.**<br><br>2:13-bk-26021 | |
| **DISTRICT IN WHICH CASE IS PENDING**<br><br>Central District of California | **DIVISIONAL OFFICE**<br><br>Los Angeles Division | **NAME OF JUDGE**<br><br>Robert N. Kwan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br><br>/s/ Brian L. Davidoff | | |
| **DATE**<br>3/3/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Brian L. Davidoff | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.