Lloyd S. Mann, Esq., (State Bar No. 108527)
**LAW OFFICES OF MANN & ZARPAS, LLP**
15233 Ventura Boulevard, Suite 714
Sherman Oaks, California 91403
Telephone:  (818) 789-0510
Facsimile:   (818) 789-0518

Attorneys for Defendant,
LOWELL S. SHARRON;

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>L. SCOTT APPAREL, INC.,<br><br>    Debtor.<br><br>_____<br><br>HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>LOWELL S. SHARRON, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive,<br><br>    Defendants.<br>_____ | Case No. 2:13-bk-26021-RK<br><br>Chapter 11<br><br>Adv. No. 2:15-ap-01122-RK<br><br>**ANSWER OF LOWELL S. SHARRON TO COMPLAINT FOR: FRAUDULENT TRANSFER, RECHARACTERIZATION OF DEBT, IMPROPER DISTRIBUTIONS, BREACH OF FIDUICARY DUTY, GOODS SOLD AND DELIVERED, ALTER EGO, CORPORATE WASTE, OBJECTION TO CLAIM, PREFERENCE**<br><br>Status Conference<br>Date:  May 5, 2015<br>Time: 1:30 p.m.<br>Place: Courtroom 1675<br>        United States Bankruptcy Court<br>        255 E. Temple Street,<br>        Los Angeles, CA 90012<br><br>Complaint Filed: 03/03/2015 |

-1-

ANSWER OF LOWELL SHARRON TO COMPLAINT

   Comes now defendant LOWELL S. SHARRON ("Sharron"), and responds to the Complaint of Howard B. Grobstein, an individual, solely in his capacity as the Liquidating Trustee (the "Trustee") of the L. Scott Apparel, Inc. Bankruptcy Liquidating Trust (the "Liquidating Trust") (Doc. No. 1, the "Complaint") as follows:

ANSWER TO PARTY ALLEGATIONS

1. Answering Paragraph 1 of the Complaint, Sharron admits the allegations of this paragraph.

2. Answering Paragraph 2 of the Complaint, Sharron admits the allegations of this paragraph.

3. Answering Paragraph 3 of the Complaint, Sharron admits the allegations of this paragraph.

4. Answering Paragraph 4 of the Complaint, Sharron admits the allegations of this paragraph.

5. Answering Paragraph 5 of the Complaint, Sharron lacks sufficient knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and on that basis Sharron denies each and every of the allegations of Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Sharron denies the allegations of this paragraph.

7. To the extent Paragraph 7 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 7 consists of factual allegations, Sharron admits that an involuntary petition was filed against the Debtor under Chapter 7 of the United States Bankruptcy Code, and that the action was later converted to a Chapter 11. Except as expressly admitted herein, Sharron denies the remaining allegations of paragraph 7.

8. To the extent Paragraph 8 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 8 consists of factual allegations, Sharron denies the allegations.

///

9. To the extent Paragraph 9 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 9 consists of factual allegations, Sharron denies the allegations.

10. To the extent Paragraph 10 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 10 consists of factual allegations, Sharron denies the allegations.

11. Answering Paragraph 11 of the Complaint, Sharron admits the allegations of this paragraph.

12. Answering Paragraph 12 of the Complaint, Sharron admits the allegations of this paragraph.

13. Answering Paragraph 13 of the Complaint, Sharron admits the allegations of this paragraph.

14. Answering Paragraph 14 of the Complaint, Sharron admits the allegations of this paragraph.

15. Answering Paragraph 15 of the Complaint, Sharron denies the allegations of this paragraph.

16. Answering Paragraph 16 of the Complaint, Sharron denies the allegations of this paragraph.

17. Answering Paragraph 17 of the Complaint, Sharron denies the allegations of this paragraph.

18. Answering Paragraph 18 of the Complaint, Sharron denies the allegations of this paragraph.

19. Answering Paragraph 19 of the Complaint, Sharron denies the allegations of this paragraph.

20. Answering Paragraph 20 of the Complaint, Sharron denies the allegations of this paragraph.

21. Answering Paragraph 21 of the Complaint, Sharron denies the allegations of this paragraph.

ANSWER OF LOWELL SHARRON TO COMPLAINT

22. Answering Paragraph 22 of the Complaint, Sharron denies the allegations of this paragraph.

23. Answering Paragraph 23 of the Complaint, Sharron denies the allegations of this paragraph.

24. Sharron has insufficient information to either admit or deny the allegations of paragraph 24, and, based thereon, denies said allegations.

25. Sharron has insufficient information to either admit or deny the allegations of paragraph 25, and, based thereon, denies said allegations.

26. Sharron admits the allegations of paragraph 26.

27. Answering Paragraph 27 of the Complaint, Sharron denies the allegations of this paragraph.

28. Answering Paragraph 28 of the Complaint, Sharron denies the allegations of this paragraph

29. Answering Paragraph 29 of the Complaint, Sharron denies the allegations of this paragraph

30. Sharron has insufficient information to either admit or deny the allegations of paragraph 30, and, based thereon, denies said allegations.

31. Sharron denies the allegations of paragraph 31.

32. Sharron denies the allegations of paragraph 32.

33. Sharron does not have sufficient information to either admit or deny the allegations of paragraph 33, and, based thereon denies the allegations.

34. Sharron does not have sufficient information to either admit or deny the allegations of paragraph 34, and, based thereon denies the allegations.

35. Sharron does not have sufficient information to either admit or deny the allegations of paragraph 35, and, based thereon denies the allegations.

36. Answering Paragraph 36 of the Complaint, Sharron denies the allegations of this paragraph.

///

37. Answering Paragraph 37 of the Complaint, Sharron denies the allegations of this paragraph.

38. Answering Paragraph 38 of the Complaint, Sharron denies the allegations of this paragraph.

39. Answering Paragraph 39 of the Complaint, Sharron denies the allegations of this paragraph.

40. Answering Paragraph 40 of the Complaint, Sharron denies the allegations of this paragraph.

41. Answering Paragraph 41 of the Complaint, Sharron denies the allegations of this paragraph.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Avoidance and Recovery of Fraudulent Transfer)

42. Answering paragraph 42 of the Complaint, Sharron incorporates by reference as though fully set forth herein its response to paragraphs 1 thru 41 above.

43. Answering Paragraph 43 of the Complaint, Sharron denies the allegations of this paragraph.

44. Answering Paragraph 44 of the Complaint, Sharron denies the allegations of this paragraph.

45. Answering Paragraph 45 of the Complaint, Sharron denies the allegations of this paragraph.

46. Answering Paragraph 46 of the Complaint, Sharron denies the allegations of this paragraph.

47. Answering Paragraph 47 of the Complaint, Sharron denies the allegations of this paragraph.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of Fraudulent Transfer)

48. Answering paragraph 48 of the Complaint, Sharron incorporates by reference as though fully set forth herein its response to paragraphs 1 thru 47 above.

ANSWER OF LOWELL SHARRON TO COMPLAINT

49. Answering Paragraph 49 of the Complaint, Sharron denies the allegations of this paragraph.

50. Answering Paragraph 50 of the Complaint, Sharron denies the allegations of this paragraph.

51. Answering Paragraph 51 of the Complaint, Sharron denies the allegations of this paragraph.

52. Answering Paragraph 52 of the Complaint, Sharron denies the allegations of this paragraph.

53. Answering Paragraph 53 of the Complaint, Sharron denies the allegations of this paragraph.

## ANSWER TO THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfer)

54. Answering paragraph 54 of the Complaint, Sharron incorporates by reference as though fully set forth herein its response to paragraphs 1 thru 53 above.

55. Answering Paragraph 55 of the Complaint, Sharron denies the allegations of this paragraph.

56. Answering Paragraph 56 of the Complaint, Sharron denies the allegations of this paragraph.

57. Answering Paragraph 57 of the Complaint, Sharron denies the allegations of this paragraph.

58. Answering Paragraph 58 of the Complaint, Sharron denies the allegations of this paragraph.

59. Answering Paragraph 59 of the Complaint, Sharron denies the allegations of this paragraph.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### (Violation of Cal. Corp. Code 501 )

60. Answering paragraph 60 of the Complaint, Sharron incorporates by reference as though fully set forth herein its response to paragraphs 1 thru 59 above.

-6-

ANSWER OF LOWELL SHARRON TO COMPLAINT

1    61.    Answering Paragraph 61 of the Complaint, Sharron denies the allegations of this paragraph.

2    62.    Answering Paragraph 62 of the Complaint, Sharron denies the allegations of this paragraph.

3    63.    Answering Paragraph 63 of the Complaint, Sharron denies the allegations of this paragraph.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants for Declaratory Relief Characterizing the Sharron Transfer)

64.    Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

65.    Answering Paragraph 65 of the Complaint, Sharron denies the allegations of this paragraph.

66.    To the extent Paragraph 66 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 66 consists of factual allegations, Sharron admits that an involuntary petition was filed against the Debtor under Chapter 7 of the United States Bankruptcy Code, and that the action was later converted to a Chapter 11. Except as expressly admitted herein, Sharron denies the remaining allegations of paragraph 66.

67.    Answering Paragraph 67 of the Complaint, Sharron denies the allegations of this paragraph.

68.    Answering Paragraph 68 of the Complaint, Sharron denies the allegations of this paragraph.

## SIXTH CLAIM FOR RELIEF

### (Against Lowell Sharron for Breach of Fiduciary Duty)

69.    Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

ANSWER OF LOWELL SHARRON TO COMPLAINT

70. To the extent Paragraph 70 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 70 consists of factual allegations, Sharron admits that an involuntary petition was filed against the Debtor under Chapter 7 of the United States Bankruptcy Code, and that the action was later converted to a Chapter 11. Except as expressly admitted herein, Sharron denies the remaining allegations of paragraph 70.

71. Answering Paragraph 71 of the Complaint, Sharron denies the allegations of this paragraph.

72. Answering Paragraph 72 of the Complaint, Sharron denies the allegations of this paragraph.

### SEVENTH CLAIM FOR RELIEF

### (Against All Defendants for Goods Sold and Delivered - Agreed Upon Price)

73. Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

74. Answering Paragraph 74 of the Complaint, Sharron denies the allegations of this paragraph.

75. Answering Paragraph 75 of the Complaint, Sharron denies the allegations of this paragraph.

76. Answering Paragraph 76 of the Complaint, Sharron denies the allegations of this paragraph.

### EIGHTH CLAIM FOR RELIEF

### (Against All Defendants for Corporate Waste)

77. Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

78. Answering Paragraph 78 of the Complaint, Sharron denies the allegations of this paragraph.

///

79. Answering Paragraph 79 of the Complaint, Sharron denies the allegations of this paragraph.

80. Answering Paragraph 80 of the Complaint, Sharron denies the allegations of this paragraph.

## NINTH CLAIM FOR RELIEF

### (Against Lowell Sharron for Equitable Subordination)

81. Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

82. Answering Paragraph 82 of the Complaint, Sharron admits the allegations of this paragraph.

83. Answering Paragraph 83 of the Complaint, Sharron denies the allegations of this paragraph.

84. Answering Paragraph 84 of the Complaint, Sharron denies the allegations of this paragraph.

85. Answering Paragraph 85 of the Complaint, Sharron denies the allegations of this paragraph.

## TENTH CLAIM FOR RELIEF

### (Against Lowell Sharron for Objection to Claims)

86. Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

87. Answering Paragraph 87 of the Complaint, Sharron admits the allegations of this paragraph.

88. To the extent Paragraph 88 consists of legal conclusions, Sharron is not required to respond. To the extent Paragraph 88 consists of factual allegations, Sharron admits that an involuntary petition was filed against the Debtor under Chapter 7 of the United States Bankruptcy Code, and that the action was later converted to a Chapter 11. Except as expressly admitted herein, Sharron denies the remaining allegations of paragraph 88.

# ELEVENTH CLAIM FOR RELIEF

## (Against Lowell Sharron for

## Avoidance and Recovery of Preferential Transfer

## Pursuant to 11 U.S.C. §§547 and 550)

89. Plaintiff refers to and incorporates by reference, as though fully set forth herein, each of the foregoing allegations of this Complaint.

90. Answering Paragraph 90 of the Complaint, Sharron lacks sufficient knowledge or information sufficient to form a belief as to the allegations in Paragraph 90, and on that basis Sharron denies each and every of the allegations of Paragraph 90.

91. Answering Paragraph 91 of the Complaint, Sharron lacks sufficient knowledge or information sufficient to form a belief as to the allegations in Paragraph 91, and on that basis Sharron denies each and every of the allegations of Paragraph 91.

92. Answering Paragraph 92 of the Complaint, Sharron denies the allegations of this paragraph.

93. Answering Paragraph 93 of the Complaint, Sharron denies the allegations of this paragraph.

94. Answering Paragraph 94 of the Complaint, Sharron denies the allegations of this paragraph.

95. Answering Paragraph 95 of the Complaint, Sharron lacks sufficient knowledge or information sufficient to form a belief as to the allegations in Paragraph 95, and on that basis Sharron denies each and every of the allegations of Paragraph 95.

96. Answering Paragraph 96 of the Complaint, Sharron denies the allegations of this paragraph.

97. Answering Paragraph 97 of the Complaint, Sharron denies the allegations of this paragraph.

///

///

///

ANSWER OF LOWELL SHARRON TO COMPLAINT

## AFFIRMATIVE DEFENSES

The Trustee's claims are barred by the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Trustee's Complaint, as a whole and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Sharron. Indeed, the Trustee appears to have filed the complaint without conducting due diligence.

### SECOND AFFIRMATIVE DEFENSE

The Trustee's Complaint, as a whole and each and every cause of action contained therein, is barred by the relevant statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Trustee's Complaint, as a whole and each and every cause of action contained therein, is barred by the doctrine of set off.

### FOURTH AFFIRMATIVE DEFENSE

The Trustee's Complaint, as a whole and each and every cause of action contained therein, is barred by the doctrines of laches, waiver, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Trustee may not avoid the preferential transfers allegedly made by the Debtor to Sharron (the "Alleged Transfers") pursuant to 11. U.S.C. § 547(c)(2)(A) because the Alleged Transfers were made in the ordinary course of business or financial affairs of the Debtor and Sharron.

### SIXTH AFFIRMATIVE DEFENSE

The Trustee may not avoid the Alleged Transfers pursuant to 11. U.S.C. § 547(c)(2)(B) because the Alleged Transfers were made according to ordinary business terms.

### SEVENTH AFFIRMATIVE DEFENSE

The Trustee may not avoid the Alleged Transfers pursuant to 11. U.S.C. § 547(c)(1) because Sharron gave new value to the Debtor in one or more substantially contemporaneous exchanges.

## EIGHTH AFFIRMATIVE DEFENSE

The Trustee may not avoid the Alleged Transfers pursuant to 11. U.S.C. § 547(c)(4) because Sharron gave new value to the Debtor.

## NINTH AFFIRMATIVE DEFENSE

The Trustee may not recover the Alleged Transfers under any alleged transfers from Sharron pursuant to section 11 U.S.C. § 550(b)(1) because Sharron received the Alleged Transfers in good faith and without the knowledge of the potential voidability of any such transfer.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's Complaint, as a whole and each and every cause of action contained therein, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The relief requested by the Trustee would result in unjust enrichment.

WHEREFORE, Sharron prays for judgment against the Trustee as follows:

1. That the Trustee take nothing by way of its Complaint;
2. That the relief prayed for in the Complaint be denied;
3. That Sharron's administrative claim, which has been consolidated with this action, be deemed approved in an amount subject to proof;
4. That Sharron be awarded its costs to the extend provided by law; and,
5. For such other relief as the Court deems proper.

DATED: April 21, 2015          LAW OFFICES OF MANN & ZARPAS, LLP


/Lloyd S. Mann/
Lloyd S. Mann
Attorneys for Defendant,
LOWELL S. SHARRON

ANSWER OF LOWELL SHARRON TO COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**15233 Ventura Boulevard, Suite 714, Sherman Oaks, California 91403**

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF LOWELL S. SHARRON TO COMPLAINT FOR: FRAUDULENT TRANSFER, RECHARACTERIZATION OF DEBT, IMPROPER DISTRIBUTIONS, BREACH OF FIDUICARY DUTY, GOODS SOLD AND DELIVERED, ALTER EGO, CORPORATE WASTE, OBJECTION TO CLAIM, PREFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 21, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Brian L. Davidoff bdavidoff@greenbergglusker.com
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
Courtney E. Pozmantier cpozmantier@greenbergglusker.com
Lori L. Werderitch lwerderitch@greenbergglusker.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 21, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 21, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Robert N. Kwan
United States Bankruptcy Court
Central District of California
Edward R. Royal Federal Building and Courthouse
255 E. Temple Street, Suite 1682 / Courtroom 1675
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 21, 2015 | Lloyd S. Mann | /Lloyd S. Mann/ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**