BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
LORI L. WERDERITCH (SBN 247345)
LWerderitch@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff Howard Grobstein as
Liquidating Trustee of L. Scott Apparel Inc.
Bankruptcy Liquidating Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:13-bk-26021-RK |
| L. SCOTT APPAREL, INC., | Chapter 11 |
| Debtor. | |
| HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel Inc., | Adv. No. 2:15-ap-01122-RK |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATIONS OF LORI L. WERDERITCH AND BRIAN L. DAVIDOFF IN SUPPORT THEREOF** |
| v. | |
| LOWELL S. SHARRON, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive, | **Hearing Date**<br>Date:  May 10, 2016<br>Time:  3:30 p.m.<br>Courtroom: 1675<br>Judge:  Hon. Robert N. Kwan |
| Defendants. | |

32936-00002/2539620.1     MOTION

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND DEFENDANTS' COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 10, 2016 at 3:30 p.m., or at such time thereafter as the matter may be heard, Plaintiff Howard Grobstein ("Plaintiff" or "Trustee"), as Liquidating Trustee of L. Scott Apparel Inc. Bankruptcy Liquidating Trust ("Trust"), will and does hereby move the Court for leave to file his proposed First Amended Complaint ("FAC") containing new Eleventh and Twelfth causes of action against Defendants Lowell S. Sharron ("Sharron") and Beyond Basics LLC dba Daily Threads (collectively, "Defendants") for Account Stated and Open Book Account, a new Thirteenth cause of action against Sharron for an Accounting, and deleting the previously asserted Fourth Cause of Action for Improper Distribution in violation of Cal. Corp. Code §501.

No changes have been made to the factual allegation in the FAC; it reflects the same factual allegations as previously alleged in Plaintiff's Complaint. There are no new facts for discovery, witnesses to be identified, or documents to be produced. Moreover, as of the filing of this Motion, Defendants have not yet taken a single deposition. Trial is scheduled for August 18, 2016.

Defendants' witnesses recently confirmed in deposition that certain accountings made by L. Scott Apparel, Inc. (the "Debtor") validly stated amounts due Debtor from Sharron and Beyond Basics. Defendants' counsel has been on notice of the proposed FAC since March 2016, but has refused to stipulate, forcing Plaintiff to file the instant Motion.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declarations of Lori L. Werderitch and Brian L. Davidoff and attached exhibits, and the files and records in this case. This Motion is made pursuant to FRCP 15(a)(2) and FRBP 7015.

/ / /

/ / /

/ / /

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1 requires that any response to this Motion be filed with the Court and served upon Plaintiff's counsel fourteen (14) days prior to the hearing date.

DATED:  April 19, 2016

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Lori L. Werderitch*
BRIAN L. DAVIDOFF (SBN 102654)
LORI L. WERDERITCH (SBN 247345)
Attorneys for Howard Grobstein, Liquidating Trustee of the L. Scott Apparel Inc. Bankruptcy Liquidating Trust

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

32936-00002/2539620.1            3            MOTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Due to Defendants' refusal to stipulate, Plaintiff Howard Grobstein ("Plaintiff" or "Trustee"), as Liquidating Trustee of L. Scott Apparel Inc. Bankruptcy Liquidating Trust ("Trust"), hereby seeks leave to file a First Amended Complaint ("FAC") in this adversary proceeding against Lowell S. Sharron ("Sharron") and Beyond Basics, LLC dba Daily Threads ("Beyond Basics") (collectively, "Defendants").

Plaintiff's adversary complaint (the "Complaint"), filed on March 3, 2015, alleged facts sufficient to state claims against Defendants under the California common counts of open book account and account stated. Plaintiff also alleged facts sufficient to state the equitable claim for an accounting against Sharron. Certain of Defendants' witnesses recently confirmed in deposition that specific accountings made by the Debtor validly state amounts due Debtor from Sharron and Beyond Basics. By this Motion, Plaintiff now seeks to add these three causes of action in the FAC as the Eleventh, Twelfth, and Thirteenth Causes of Action.[1] ***Their addition does not add any new factual allegations***. Indeed, these new causes of action are based entirely on the facts previously pleaded in the Complaint which have already been subjected to the parties' discovery efforts. As such, because Defendants will suffer no undue prejudice by their addition, and because the Defendants' own witnesses have recently acknowledged the validity of these claims, leave to amend should be granted to permit Plaintiff to litigate the full merits of all claims he possesses against Defendants which arise from the facts already alleged in the Complaint.

## II.  FACTUAL SUMMARY

### A.  The Complaint.

The Liquidating Trustee commenced this adversary proceeding by filing his Complaint against Sharron and Beyond Basics, LLC dba Daily Threads ("Beyond Basics") for, among other things, recovery of fraudulent transfers and preferential transfers made to them. The causes of

---

[1] Plaintiff also seeks to delete the previously asserted Fourth Cause of Action for Improper Distribution in Violation of Cal. Corp. Code §501.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

action asserted in the Complaint include:

- for avoidance and recovery of intentional and constructive fraudulent transfers pursuant to 11 U.S.C. §§544, 548,550, and California Civil Code §3439;
- for violation of Cal. Corp. Code §501;
- a declaratory relief action pursuant to 11 U.S.C. §105 confirming that the Sharron Transfer constitutes and should be characterized as equity rather than debt;
- for Breach of Fiduciary Duty;
- a claim against Sharron and Beyond Basics as alter egos of the Debtor seeking recovery of the at least $1,883,448 amounts owed to claimants for goods sold and delivered;
- for corporate waste;
- for equitable subordination;
- for alter ego;
- Sharron's claims should be disallowed and/or subject to setoff, recoupment and/or withholding based on the affirmative causes of action in the Sharron Complaint; and
- for avoidance and recovery of preferential transfer pursuant to 11 U.S.C. §§547 and 550.

*See* Docket No. 1. The causes of action in the Complaint are based upon allegations of routine and systematic monetary transfers that improperly occurred between Debtor and Defendants in the years and months prior to the bankruptcy filing. *Id*. at ¶¶15-22, 26-32.

**B.    Plaintiff's Depositions of Defendants' Witnesses.**

On February 25, 2016, Plaintiff took the deposition of Zulfiqae Kabani, CPA, the accountant for the Debtor and for Sharron. *See* **Exhibit Q** to accompanying Declaration of Brian L. Davidoff ("Davidoff Decl."). During the deposition, Mr. Kabani confirmed that the amounts reflected as due to Debtor from Sharron were accurate:

> Q:    So you say the amount is accurate, is that correct?

1         MR. KABANI:    Yes.

2 **Exhibit Q** to Davidoff Decl. at p. 60:6-12.  Mr. Kabani also confirmed the accuracy of the amount shown due and owing to Debtor by Beyond Basics.  *Id*. at pp.128:21-129:9.  Sharron further testified that amounts shown due to Debtor were for advances for his personal expense and the expenses of Beyond Basics.  **Exhibit P** to Davidoff Decl. at pp. 218:1-219:20, 453:17-25, 462:15-20.

      **C.**    **Plaintiff's Proposed Additions and One Deletion In the FAC.**

Plaintiff's proposed FAC contains new Eleventh, Twelfth, and Thirteenth causes of action against for Account Stated and Open Book Account, and against Sharron for an Accounting.  *See* **Exhibits A** and **B** to accompanying Declaration of Lori L. Werderitch ("Werderitch Decl.").  The FAC further deletes the previously asserted Fourth Cause of Action for Improper Distribution in violation of Cal. Corp. Code §501.  *Id*.

*No new facts are alleged in the FAC.*

      **D.**    **The FAC Requires No Additional Discovery.**

The factual allegations in the FAC are identical to those asserted in the Complaint.  *Id*.  Accordingly, Plaintiff has no additional witnesses or documents to identify or produce in support of the new causes of action that are different from those already identified and produced.  Werderitch Decl. at ¶17.  In addition, as of the date of the filing of this Motion, Defendants have yet to take their first deposition. Id. at ¶18.

      **E.**    **Despite Repeated Requests During the Parties' Protracted Meet and Confer, Defendants Refuse to Stipulate to the Filing of the FAC.**

Defendants have been on notice of the proposed FAC since March 2016.  **Exhibit C** to Werderitch Decl.  In a letter dated March 31, 2016 to Defendants' counsel, Plaintiff's counsel:

- Enclosed an earlier version of the proposed FAC;[2]

---

[2] The only difference in this earlier version of the FAC is that it also included a proposed new cause of action for fraudulent transfer (constructive fraud) under 11 USC §§548(a)(1)(B) and 550. However, during the meet and confer process, Plaintiff agreed to abandon such cause of action to address Defendants' concerns about its potential impact on their intended motion for summary adjudication.

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

- Confirmed that the proposed FAC would not result in any additional production of documents by Plaintiff;
- Reiterated that Defendants had not yet taken a deposition in the matter; and
- Requested that Defendants stipulate to filing of the FAC to avoid unnecessary motion practice before the Court.

*Id*.

A week later, Defendants' counsel requested clarification as to whether the proposed FAC was based upon the discovery of new facts. **Exhibit D** to Werderitch Decl. Plaintiff's counsel confirmed that no new facts had been discovered. **Exhibit E** to Werderitch Decl. Plaintiff's counsel then repeatedly followed up with Defendants' counsel concerning the requested stipulation. **Exhibits F, G, H,** and **I** to Werderitch Decl. Defendants' counsel's eventual response stated:

- Defendants' concern regarding the impact of the proposed FAC on discovery; and
- Defendants' concern regarding the impact of a cause of action brought under 11 USC §§548(a)(1)(B) and 550 on their intended motion for summary adjudication.

**Exhibit J** to Werderitch Decl.

In response, Plaintiff's counsel restated that, because the FAC is based upon the facts as already alleged, there would be no impact on discovery. Plaintiff's counsel also offered to remove the cause of action brought under 11 USC §§548(a)(1)(B) and 550 to alleviate the balance of Defendants' concerns about the FAC. **Exhibit K to Werderitch Decl.**

Plaintiff's counsel then embarked on another follow up campaign attempting to obtain an answer from Defendants. **Exhibits L, M, N,** and **O** to Werderitch Decl. Ultimately, Defendants declined to stipulate on the grounds that "discovery has been completed." **Exhibit O** to Werderitch Decl. Plaintiff was therefore forced to file the instant Motion seeking leave.

### III. LEAVE TO AMEND SHOULD BE GRANTED

FRCP 15, made applicable to adversary proceedings pursuant to FRBP 7015, governs amendment of pleadings. Denial of leave to amend "is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United*

*Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America* (9th Cir. 1990) 919 F.2d 1398, 1402.  If those circumstances are not present, ***denial of leave to amend is an abuse of discretion.***  *Lay v. Treesource Industries, Inc.* (9th Cir. 2005) 143 Fed.Appx. 786. None of the circumstances justifying denial of leave are present here.

### A.  Justice Requires That the FAC Be Permitted.

The circumstances under which FRCP 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F2d 1388, 1391.  Indeed, leave to amend should be freely given "when justice so requires." FRCP 15(a)(2); FRBP 7015; *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana* (7th Cir. 2015) 786 F.3d 510, 519-20; *Lone Star Ladies Invest. Club v. Schlotzsky's Inc*. (5th Cir. 2001) 238 F.3d 363, 367 (policy favoring leave to amend).  Thus, leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party.  *Foman v. Davis* (1962) 371 U.S. 178, 182; *Sonoma County Ass'n of Retired Employees v. Sonoma County* (9th Cir. 2013) 708 F.3d 1109, 1117 (policy favoring leave is to be applied with "extreme liberality"); *see also Union Pac. R.R. Co. v. Nevada Power Co*. (9th Cir. 1991) 950 F.2d 1429, 1432 (amendments seeking to add claims even more freely granted than amendments adding parties).

Further, ***there is no time limit for amendment*** under FRCP 15(a)(2).  Pleadings can even be amended to conform to proof ***at trial***.  *See* FRCP 15(b)(2).  Thus, leave to amend may be sought any time before entry of judgment; indeed, a judgment may be upheld on any theory supported by the facts proved, whether or not pleaded.  *Holt Civic Club v. City of Tuscaloosa* (1978) 439 U.S. 60, 65-66 (final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

As set forth above, Plaintiff seeks to add three additional legal theories already supported by the same facts that were alleged in the Complaint and recently confirmed as viable claims by Defendants' own witnesses, as follows:

- **<u>Eleventh Cause of Action for Account Stated.</u>**  Pursuant to Section 337a of the California Code of Civil Procedure, "the term 'book account' means a detailed

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 statement which constitutes the principal record of one or more transactions
2 between a debtor and a creditor arising out of a contract or some fiduciary relation,
3 and shows the debits and credits in connection therewith, and against whom and in
4 favor of whom entries were made, is entered in the regular course of business of as
5 conducted by such creditor or fiduciary, and is kept in a reasonable permanent
6 form and manner and is (1) in a bound book, . . . or is kept in any other reasonable
7 permanent form or manner." These elements are met by the facts as alleged in
8 Complaint and FAC at ¶¶2, 4, 14-32.

- **<u>Twelfth Cause of Action for Open Book Account.</u>** An account is stated where, as here, prior transactions between the parties are stated, the items of that account are true, and the balance struck is due and owing from one party to the other. *Gleason v. Klamer* (1980) 103 Cal.App.3d 782, 786-87. These elements are met by the facts as alleged in Complaint and FAC at ¶¶2, 4, 14-32. .

- **<u>Thirteenth Cause of Action for an Accounting.</u>** An action for an accounting is equitable in nature and may be brought to compel a defendant to account to a plaintiff for money or property where a fiduciary relationship exists between the parties. *Brea v. McGlashan* (1934) 3 Cal.App.2d 454, 460; *see also Fleet v. Bank of Am., N.A.* (2014) 229 Cal.App.4th 1403, 1413. As an officer, director and controlling shareholder of Debtor, Sharron was in a fiduciary relationship with Debtor. *Burt v. Irvine Co.* (1965) 237 Cal.App.2d 828 , 850. Sharron's position as a fiduciary to Debtor is alleged in the Complaint and FAC at ¶2.

There was no dilatory motive on Plaintiff's party – the additional legal theories were advanced as soon as Defendants' witnesses acknowledged that the "due from officer" and "due from Beyond Basics accounts" properly stated the amounts due from those parties. **Exhibit Q** to Davidoff Decl. at pp. 32:12-34:8, 60:6-12, 121:6-123:4 and 128:21-129:9; **Exhibit P** to Davidoff Decl. at pp. 218:1-219:20, 453:17-25, 462:15-20.

Accordingly, since the facts as alleged support the additional legal theories, the interests of justice require that leave to amend should be granted to permit Plaintiff to litigate the full

merits of all claims he possesses against Defendants that arise from the facts as already alleged in the Complaint.

### B. Defendants Cannot Establish Prejudice That Would Be Caused by the FAC.

The party seeking leave to amend need only establish that the interests of justice are served by amendment. The burden is then on the party opposing the motion to convince the court that the interests of justice actually require denial. *See Shipner v. Eastern Air Lines, Inc*. (11th Cir. 1989) 868 F.2d 401, 406-07; *see also Clarke v. Upton* (E.D. Cal. 2010) 703 F.Supp.2d 1037, 1041; *Alzheimer's Institute of America v. Elan Corp. PLC* (N.D. Cal. 2011) 274 F.R.D. 272, 276.

Here, the only prejudice articulated by Defendants to the proposed three new causes of action is the potential need to conduct additional discovery with respect to them. **Exhibit O** to Werderitch Decl. As a matter of law, ***this cannot constitute grounds to deny leave – the need for additional discovery is insufficient by itself to deny a proposed amended pleading***. *United States v. Continental Illinois Nat'l Bank & Trust* (2nd Cir. 1989) 889 F.2d 1248, 1255; *Genentech, Inc. v. Abbott Laboratories* (N.D. Cal. 1989) 127 F.R.D. 529, 531; s*ee also Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079 (to justify any denial of leave to amend, the prejudice demonstrated by Defendants ***must be substantial***); *Bell v. Allstate Life Ins. Co*. (8th Cir. 1998) 160 F.3d 452, 454 ("any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment").

As a matter of practicality, Defendants' position also lacks merit. As noted above, no additional documents or witnesses exist as to three newly added causes of action. Werderitch Decl. at ¶17. Moreover, Defendants have been on notice of these proposed added causes of action since March – well in advance of the time their first deposition is scheduled. Werderitch Decl. at ¶18 and **Exhibit C**.

### C. The FAC Is Neither Frivolous Nor Futile.

Permission to amend a complaint may be refused on the grounds of futility or frivolity only if it appears to a certainty that plaintiff cannot state a claim upon which relief can be granted. *Rohler v. TRW, Inc.* (7th Cir. 1978) 576 F.2d 1260. Here, for the reasons outlined in section

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

III.A., above, all elements of the newly added causes of action have been stated. Accordingly, Plaintiff must be permitted to pursue its claims against Defendants on the merits.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant its motion and permit the First Amended Complaint to be filed as of the date of the Court's ruling.

DATED: April 19, 2016

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Lori L. Werderitch*
BRIAN L. DAVIDOFF (SBN 102654)
LORI L. WERDERITCH (SBN 247345)
Attorneys for Howard Grobstein, Liquidating Trustee of the L. Scott Apparel Inc. Bankruptcy Liquidating Trust

32936-00002/2539620.1    11    MOTION

## **DECLARATION OF LORI L. WERDERITCH**

I, Lori L. Werderitch, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and before the courts of the Central District of California. I am associated with the law firm of Greenberg Glusker Claman Fields & Machtinger, LLP, counsel of record for Plaintiff Howard Grobstein ("Liquidating Trustee" or "Plaintiff"), in his capacity as Liquidating Trustee of the L. Scott Apparel, Inc. Bankruptcy Liquidating Trust ("Liquidating Trust"). The facts set forth below are upon my personal knowledge. If called upon to do so, I could and would testify competently thereto.

2. A true and correct clean copy of Plaintiff's proposed First Amended Complaint is attached hereto as **Exhibit A**.

3. A true and correct redline of Plaintiff's proposed First Amended Complaint, showing its changes from Plaintiff's original Complaint in this adversary proceeding, is attached hereto as **Exhibit B**.

4. Attached hereto as **Exhibit C** is a true and correct copy of my March 31, 2016 letter to Defendants' counsel, Lloyd Mann, attaching a proposed version of the FAC.

5. Attached hereto as **Exhibit D** is a true and correct copy of Mr. Mann's April 6, 2016 response to my March 31, 2016 letter.

6. Attached hereto as **Exhibit E** is a true and correct copy of my April 6, 2016 response to Mr. Mann's April 6, 2016 email.

7. Attached hereto as **Exhibit F** is a true and correct copy of my April 7, 2016 follow up email to Mr. Mann.

8. Attached hereto as **Exhibit G** is a true and correct copy of Mr. Mann's April 8, 2016 response to my April 7, 2016 email.

9. Attached hereto as **Exhibit H** is a true and correct copy of my April 11, 2016 follow up email to Mr. Mann.

10. Attached hereto as **Exhibit I** is a true and correct copy of my April 12, 2016 follow up email to Mr. Mann.

11. Attached hereto as **Exhibit J** is a true and correct copy of Mr. Mann's April 12, 2016 response to my April 12, 2016 email.

12. Attached hereto as **Exhibit K** is a true and correct copy of my April 13, 2016 meet and confer email to Mr. Mann.

13. Attached hereto as **Exhibit L** is a true and correct copy of my April 14, 2016 email to Mr. Mann confirming our meet and confer conference call earlier that day.

14. Attached hereto as **Exhibit M** is a true and correct copy of my April 15, 2016 follow up email to Mr. Mann.

15. Attached hereto as **Exhibit N** is a true and correct copy of Mr. Mann's April 15, 2016 response to my April 15, 2016 email.

16. Attached hereto as **Exhibit 0** is a true and correct copy of my further April 15, 2016 follow up email to Mr. Mann and his further April 15, 2016 response.

17. The FAC is based upon legal theories supported by the facts as already alleged. No new facts are alleged nor did the discovery of new and different facts prompt the FAC. As such, the same discovery already conducted by the parties goes to the proposed new causes of action in the FAC – *i.e.*, Plaintiff has no new witnesses or documents to identify in support of the new causes of action.

18. As of the date of the filing of this Motion, Defendants had yet to take a single deposition in this matter. Their first deposition (of Plaintiff) is scheduled for April 20, 2016.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed by me on April 19, 2016 at Los Angeles, California.

_____
Lori L. Werderitch

## DECLARATION OF BRIAN L. DAVIDOFF

I, Brian L. Davidoff, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and before the courts of the Central District of California. I am a partner of the law firm of Greenberg Glusker Claman Fields & Machtinger, LLP, counsel of record for Plaintiff Howard Grobstein ("Liquidating Trustee" or "Plaintiff"), in his capacity as Liquidating Trustee of the L. Scott Apparel, Inc. Bankruptcy Liquidating Trust ("Liquidating Trust"). The facts set forth below are upon my personal knowledge. If called upon to do so, I could and would testify competently thereto.

2. I personally took the deposition of Lowell S. Sharron on March 21 and March 28, 2016. A true and correct copy of the relevant portions of Mr. Sharron's deposition are attached hereto as **Exhibit P**.

3. I personally took the deposition of Debtor's accountant, Mr. Zulfiqar Kabani CPA, on February 25, 2016. A true and correct copy of the relevant portions of Mr. Kabani's deposition are attached hereto as **Exhibit Q**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed by me on April 19, 2016 at Los Angeles, California.

_____
Brian L. Davidoff