AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Brian L. Davidoff (SBN 102654) / Lori L. Werderitch (SBN 247345)
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067-4590
TELEPHONE NO.: 310.553.3610          FAX NO. *(Optional):* 310.553.0687
E-MAIL ADDRESS *(Optional):* bdavidoff@ggfirm.com / lwerderitch@ggfirm.com
ATTORNEY FOR *(Name):* Howard Grobstein as Liquidating Trustee of L. Scott Apparel

**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA**
STREET ADDRESS: 255 E. Temple Street
MAILING ADDRESS: 255 E. Temple Street - Roybal Federal Building
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF:    Howard Grobstein as Liquidating Trustee of L. Scott Apparel, Inc.

DEFENDANT:  Lowell S. Sharron, et al.

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| ☒ **RIGHT TO ATTACH ORDER**  ☐  TEMPORARY PROTECTIVE ORDER | 2:13-bk-26021-RK |
| ☒ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT** | Chapter 11 |
| ☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT** | Adv. No. 2:15-ap-01122-RK |
| ☒ **After Hearing**    ☐  **Ex Parte** | Date: May 10, 2016 |
| ☐ **Against Property of Nonresident** | Time: 3:30 p.m. |
| | Place: Courtroom 1675 |

1. Plaintiff *(name):* Howard Grobstein as Liquidating Trustee of the L. Scott Apparel, Inc. Bankruptcy Liquidating Trust
   applies  ☒  after hearing    ☐ ex parte    for
   a. ☒   a right to attach order and writ of attachment.
   b. ☐   an additional writ of attachment.
   c. ☐   a temporary protective order.
   d. ☐   an order directing the defendant to transfer to the levying officer possession of
      (1) ☐   property in defendant's possession.
      (2) ☐   documentary evidence in defendant's possession of title to property.
      (3) ☐   documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Lowell S. Sharron
   a. ☒   is a natural person who
      (1) ☒   resides in California.
      (2) ☐   does not reside in California.
   b. ☐   is a corporation
      (1) ☐   qualified to do business in California.
      (2) ☐   not qualified to do business in California.
   c. ☐   is a California partnership or other unincorporated association.
   d. ☐   is a foreign partnership that
      (1) ☐   has filed a designation under Corporations Code section 15800.
      (2) ☐   has not filed a designation under Corporations Code section 15800.
   e. ☐   is other *(specify):*

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one):*
   ☒    Code of Civil Procedure section 483.010    ☐    Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under
   title 11 of the United States Code (Bankruptcy).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Code of Civil Procedure, §§ 482.030, 484.010 et seq.;
Welfare. & Institutions. Code, § 15657.01
*www.courtinfo.ca.gov*

32936-00002/2549368.1


American LegalNet, Inc.
www.FormsWorkFlow.com

AT-105

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Howard Grobstein as Liquidating Trustee v. Lowell Sharron, et al. | 2:13-bk-26021-RK<br>Adv. No. 2:15-ap-01122-RK |

6. a. ☒ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b. ☐ Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7. The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☒ attached affidavit or declaration.
   c. ☐ following facts *(specify):*

8. The amount to be secured by the attachment is: $462,194.53
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☐ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☒ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 *(specify):*
      (1) Interests in real property except leasehold estates with unexpired terms of less than one year, including the real property located at 1075 Ravoli Dr., Pacific Palisades, CA 90272;
      (2) Accounts receivable, chattel paper, and general intangibles arising out of the conduct by defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150);
      (3) Equipment;
      (4) Final money judgments arising out of the conduct by the defendant of a trade, business or profession;
      (5) Money on the premises where a trade, business, or profession is conducted by the defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts, but, if the defendant has more than one deposit account or has at least one deposit account and money located elsewhere than on the premises where a trade, business, or profession is conducted by the defendant, the court, upon application of the plaintiff, may order that the writ of attachment be levied so that an aggregate amount of one thousand dollars ($1,000) in the form of such money and in such accounts remains free of levy;
      (6) Negotiable documents of title;
      (7) Instruments including but not limited to stock, membership or ownership interests in any entity;
      (8) Securities including but not limited to stock, membership or ownership interests in any entity.

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe):*

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number):*

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date):*
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

**APPLICATION FOR RIGHT TO ATTACH ORDER,**
**TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

American LegalNet, Inc.
www.FormsWorkFlow.com

32936-00002/2549368.1

AT-105

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Howard Grobstein as Liquidating Trustee v. Lowell Sharron, et al. | 2:13-bk-26021-RK<br>Adv. No. 2:15-ap-01122-RK |

13. a.   Plaintiff ☐ alleges on ex parte application for order for writ of attachment

☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐ concealed.

(b) ☐ substantially impaired in value.

(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances (specify):

b.   The statements in item 13a are established by   ☐ the attached affidavit or declaration

☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order (specify):

15.   Plaintiff

a. ☐ has filed an undertaking in the amount of: $

b. ☒ has not filed an undertaking.

Date: April 19, 2016

Lori L. Werderitch
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 19, 2016

Lori L. Werderitch
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

American LegalNet, Inc.
www.FormsWorkFlow.com

32936-00002/2549368.1