FILED & ENTERED

MAY 09 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>L. Scott Apparel, Inc.,<br><br>　　　　　　Debtor. | Case No. 2:13-bk-26021-RK<br><br>Chapter 11<br><br>Adv. No. 2:15-ap-01122-RK |
| Howard Grobstein as Liquidating Trustee of L. Scott Apparel, Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Lowell S. Sharron, an individual; Beyond Basics, LLC dba Daily Threads, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER VOIDING SETOFF AND REQUEST FOR SANCTIONS**<br><br>Date:　　May 10, 2016<br>Time:　　3:30 p.m.<br>Courtroom: 1675 |

　　　Pending before the court is the motion of Plaintiff Howard Grobstein, Liquidating Trustee of L. Scott Apparel Inc. Bankruptcy Liquidating Trust ("Plaintiff" or "Trustee") for an order voiding an alleged setoff taken in violation of the automatic stay in this bankruptcy case [11 U.S.C. § 362] and request for sanctions in the amount of $7,200 ("Motion"). ECF 24. The Motion was noticed for hearing on May 10, 2016 at 3:30 p.m.

Defendants Lowell Sharron and Beyond Basics, LLC, dba Daily Threads ("Defendants"), filed an opposition to the Motion, ECF 39, and Plaintiff filed a reply thereto, ECF 47. Plaintiff also filed evidentiary objections to the declarations of Zulfiqar Kabani, Lloyd S. Mann and Lowell Sharron.  ECF 48-50.  Brian L. Davidoff and Lori L. Werderitch, of the law firm of Greenberg Glusker Fields Claman & Machtinger LLP, represent Plaintiff. Lloyd S. Mann, of Law Offices of Mann & Zarpas, LLP, represents Defendants.

     Having considered the moving and opposing the papers, including the exhibits and declarations attached therein, and the record before the court, pursuant to Local Bankruptcy Rule 9013-1(j)(3), the court determines that oral argument on the Motion is unnecessary, dispenses with oral argument, takes the Motion under submission, vacates the May 10, 2016 hearing on the Motion and rules as follows.

     The Motion relates to a $350,000 loan that Defendant Sharron, former principal of L. Scott Apparel, Inc. ("Debtor"), made to Debtor in and around 2002 and 2003, prior to the commencement of Debtor's bankruptcy case, and presents the question to the court of whether Defendant Sharron, during the pendency of Debtor's bankruptcy case, exercised a setoff of that $350,000 loan debt owed to him by Debtor in violation of the automatic stay.

     Plaintiff contends that such a setoff occurred based on the statements made by Debtor's accountant, Zulfiqar Kabani, CPA, during his deposition and a deposition exhibit, a copy of Debtor's 2013 Federal S Corporation Income Tax Return, prepared by Mr. Kabani, which was presumably filed post-petition and reflected a change on line 7 of Schedule L to the tax return, "Loans to shareholders", reducing the amount from $463,218 at the beginning of 2013 to $135,786 at the end of 2013.  Motion at 5-6 and Exhibits G and H attached thereto.  During his deposition, Mr. Kabani, who prepared this tax return, stated that the entries in line 7 of Schedule L of Debtor's 2013 tax return were due to an offset of the previously mentioned $350,000 loan.  Motion, Exhibit G at 4.

1    The court first observes that Plaintiff in his Motion does not set forth the legal
2 standard for determining whether a setoff has occurred.  Pursuant to 11 U.S.C.
3 §362(a)(7), the filing of an involuntary bankruptcy petition, as was filed in Debtor's
4 bankruptcy case, operates as a stay of "the setoff of any debt owing to the debtor that
5 arose before the commencement of the case under this title against any claim against the
6 debtor."  The legal standard for whether a setoff under 11 U.S.C. § 362(a)(7) has
7 occurred is set forth in the Supreme Court's decision in *Citizens Bank of Maryland v.*
8 *Strumpf,* 561 U.S. 16 (1995) as follows: "a setoff has not occurred until three steps have
9 been taken: (i) a decision to effectuate a setoff, (ii) some action accomplishing the setoff,
10 and (iii) a recording of the setoff."  516 U.S. at 19 (citations omitted).  Additionally, the
11 Supreme Court in *Citizens Bank of Maryland v. Strumpf* held that implicit in this rule is a
12 requirement of an intent to permanently settle accounts.  *Id.* (citations omitted).  Rather
13 than show the court that a setoff has occurred, in this Motion, Plaintiff simply tells it that a
14 setoff has occurred without any legal analysis showing whey he is entitled to relief.  This
15 will not do.
16    Moreover, the court determines that Plaintiff has even failed to demonstrate that a
17 setoff occurred as a factual matter.  Plaintiff's evidence of an alleged setoff consists of
18 Mr. Kabani's deposition statements that he prepared the tax return based on the basis
19 that there was a setoff and the tax return prepared by Mr. Kabani with that factual
20 assumption.  Plaintiff has not laid a foundation for the court to make a factual finding that
21 there has been a setoff since there is no demonstration that Mr. Kabani has personal
22 knowledge that there was any setoff as required by Federal Rule of Evidence 602.  Since
23 Mr. Kabani is not Mr. Sharron, the creditor who alleged set off debts owed by him and
24 Debtor, there is no showing that Mr. Kabani as Debtor's accountant would have personal
25 knowledge of any setoff since he is not the creditor who did the alleged setoff.  Mr.
26 Kabani apparently just concluded that there was a setoff when he testified during his
27 deposition because that is how he prepared Debtor's tax return.  There is no showing by
28

3

Plaintiff how he knew such a thing. Perhaps someone told him, but this is not shown. Mr. Kabani in his declaration filed with Defendants' opposition to the Motion stated that he "merely took a tax position by making the entry [on the tax return]" and "took no other action." Declaration of Zulfiqar Kabani attached to Defendants' Opposition. Thus, based on this testimony, Mr. Kabani was not involved in the making of any setoff and did not have personal knowledge that any setoff was made. Mr. Sharron in his declaration filed with Defendants' opposition to the Motion stated that "[o]ther than this tax entry, I am completely unaware of there being any action regarding the offset other than the legal steps my attorney and I have taken to obtain the offset rights such as the filing of the proof of claim, and seeking an offset against any amount that plaintiff claims I may owe him." Declaration of Lowell Sharron attached to Defendants' Opposition. These declarations would raise a disputed issue of material fact regarding the occurrence of a setoff by Mr. Sharron if Plaintiff had made a prima facie evidentiary showing that a setoff occurred, but Plaintiff has not even done that on this record.

Plaintiff has failed to provide any legal authority demonstrating that the entry on Debtor's 2013 Federal S Corporation Income Tax Return constitutes a setoff. Based on its review of the record, the court determines that Plaintiff has not demonstrated under *Citizens Bank of Maryland v. Strumpf* that Defendant Sharron permanently intended to settle accounts related to the $350,000 loan. 516 U.S. at 19 (citations omitted). Specifically, the court observes that the tax return attached to Plaintiff's Motion, which is not even a copy of a filed tax return, but rather, an unfiled copy that was sent by Debtor's CPA to Debtor on March 6, 2014, does not demonstrate a permanent intent to settle accounts because a tax return intended to be filed by a taxpayer with a taxing authority is not a vehicle to effectuate a setoff of debts between creditors. Moreover, the evidence offered by Defendants indicate that Defendant Sharron has taken subsequent efforts to establish his rights to set off, which Plaintiff acknowledges in his Motion when he states

4

1 that "Sharron continues to presently claim the full amount of the Note in this litigation."

2 Motion at 7.

3       On December 23, 2013, Defendant Sharron filed Proof of Claim 18-1 in the amount of $766,783.74, which included a $350,000 secured claim based on a right of setoff. On March 3, 2015, Plaintiff objected to Proof of Claim 18-1, filed in the underlying bankruptcy case, 2:13-bk-26021-RK, ECF 298, and subsequently, pursuant to a stipulation of the parties and order thereon in the underlying bankruptcy case, 2:13-bk-26021-RK, ECF 315 and 317, the court consolidated that objection with this adversary proceeding, 2:15-ap-01122-RK, which is currently set for trial on August 18, 19, 25 and 26, 2016. As part of the stipulation, 2:13-bk-26021-RK, ECF 315, which was signed by the parties on March 30, 2015, the parties agreed that Proof of Claim 18-1 would be treated as a complaint in the adversary proceeding, and that all issues raised in Plaintiff's objection to Proof of Claim 18-1, which necessarily includes Defendant Sharron's right to setoff, would be resolved through litigation in the adversary proceeding.

      Further, on March 10, 2016, Defendant's counsel sent an email to Plaintiff's counsel stating the following:

> Mr. Sharron does not take the position that the set-off transaction, of which we were unaware until the Kabani deposition, is effective to refute your client's contention that the $350,000 in loans should be converted to an equity investment, or for any other purpose. We are aware that we will have to establish, and we intend to do so, through this litigation, that the loans should be offset against any sums that may be owed by Mr. Sharron. . . .

Exhibit J to Motion. Accordingly, because Defendant Sharron is actively seeking a judicial determination that he has a right to setoff, the court determines that the entry on Debtor's 2013 Federal S Corporation Income Tax Return is insufficient to establish the intent of a different party, Mr. Sharron, to permanently settle accounts through a setoff by him as required under *Citizens Bank of Maryland*.

    Moreover, because the court determines that Plaintiff has failed to prove Defendant Sharron effectuated a setoff in violation of stay, there is no basis to grant Plaintiff's request for sanctions under 11 U.S.C. § 362(k), which is also denied.

    For the foregoing reasons, the court hereby ORDERS as follows:

1. Plaintiff's motion for an order voiding setoff taken in violation of automatic stay [11 U.S.C. § 362] and request for sanctions in the amount of $7,200, ECF 24, are denied.

2. The hearing on Plaintiff's motion for an order voiding setoff taken in violation of automatic stay [11 U.S.C. § 362] and request for sanctions in the amount of $7,200 noticed for May 10, 2016 at 3:30 p.m. is vacated, and no appearances are required on May 10, 2016 for the motion.

IT IS SO ORDERED.

###

Date: May 9, 2016

_____
Robert Kwan
United States Bankruptcy Judge