FILED & ENTERED

MAY 09 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>L. Scott Apparel, Inc.,<br><br>　　　　　　Debtor.<br><br>Howard Grobstein as Liquidating Trustee of L. Scott Apparel Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Lowell S. Sharron, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.  2:13-bk-26021-RK<br><br>Chapter 11<br><br>Adv. No.  2:15-ap-01122-RK<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CONTINUING PRETRIAL CONFERENCE AND SETTING NEW PRETRIAL SCHEDULE**<br><br>Date:　　May 10, 2016<br>Time:　　3:30 PM<br>Courtroom: 1675 |

　　　Pending before this court is the motion of Plaintiff Howard Grobstein, Liquidating Trustee of L. Scott Apparel Inc. Bankruptcy Liquidating Trust ("Plaintiff" or "Trustee"), for leave of court to file a first amended complaint in this adversary proceeding.  The motion was noticed for hearing on May 10, 2016 at 3:30 p.m.  Defendants Lowell Sharron and Beyond Basics, LLC, dba Daily Threads ("Defendants"), filed an opposition to the motion. Brian L. Davidoff and Lori L. Werderitch, of the law firm of Greenberg Glusker Fields

-1-

Claman & Machtinger LLP, represent Plaintiff. Lloyd S. Mann, of Law Offices of Mann & Zarpas, LLP, represents Defendants. Having considered the moving, opposing and reply papers for the motion, the court determines in its discretion pursuant to Local Bankruptcy Rule 9013-1(j)(3) that oral argument on the motion is not necessary, dispenses with it, takes it under submission, vacates the hearing on the motion on May 10, 2016 and rules as follows.

Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, provides in pertinent part: "In all other cases [i.e., other than amending as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As recognized by one commentary, "This policy is to be applied with extreme liberality." 2 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 8:1488 at 8-204 (2016), *citing inter alia*, *Sonoma County Association of Retired Employees v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013). "Denial is proper only when amendment would be clearly frivolous, unduly prejudice, cause undue delay or a finding of bad faith is made." *United Union Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990) (citation omitted). "The party seeking leave to amend need only establish the reason why amendment is required ("justice" so requires). The burden is then on the party *opposing* the motion to convince the court that 'justice' requires *denial* – i.e., because of undue delay, bad faith, prejudice, etc." 2 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 8:1489 at 8-204 – 8-205 (emphasis in original), *citing inter alia, Clarke v. Upton,* 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010). The disposition of a motion to amend is within the discretion of the trial court and requires a finding of abuse of discretion for reversal. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996) (citation omitted).

1  In his Motion, Plaintiff asserts as the reasons for amending his complaint the
2  following. In discovery, on February 25, 2016, Plaintiff took the deposition of Zulfiqar
3  Kabani, CPA, who was the accountant for L. Scott Apparel, Inc., the debtor in this
4  bankruptcy case ("Debtor"), and Defendant Sharron, an officer and director of Debtor. In
5  his deposition, Kabani testified that specific accounts of Debtor reflected on its books and
6  records validly stated amounts due to Debtor from Defendants for expenses incurred for
7  Defendants not related to Debtor's business. *See Transcript of Kabani Deposition,*
8  *Exhibit Q to Motion,* ECF 23. This discovery material indicates a factual basis for Plaintiff
9  to seek to amend the complaint to: (1) add proposed 11th and 12th causes of action
10  against Defendants for Account Stated and Open Book Account, respectively, (2) add a
11  13th cause of action against Defendant Sharron only for an Accounting, and (3) delete the
12  previously asserted 4th cause of action for improper distribution in violation of California
13  Corporations Code § 501. Plaintiff argues that leave to amend the complaint should be
14  granted because amendment of the complaint is necessary in order for him to litigate the
15  full merits of the claims he possesses against Defendants.  Plaintiff further argues that
16  leave to amend should also be granted because the proposed new causes of action are
17  based entirely on the facts previously alleged in the original complaint which have already
18  been subjected to the parties' discovery efforts and thus, the amendment will not impact
19  discovery deadlines.
20  In opposition, Defendants argue amendment of the complaint should be denied
21  due to undue prejudice to them and in light of Plaintiff's undue delay and bad faith in
22  seeking to now amend the complaint based on the following circumstances. Defendants
23  argue that Plaintiff knew of the facts giving rise to the additional causes of action since
24  the initial complaint was filed as shown by Plaintiff's declaration executed on March 3,
25  2015 (i.e., "due from" Defendants allegations), *see Declaration of Lloyd S. Mann attached*
26  *to Defendant's Opposition and Exhibit A attached thereto*, ECF 40, and yet Plaintiff did
27  nothing to amend the complaint until after the discovery completion deadline, most of the
28

-3-

expert witnesses having been deposed, and close to the upcoming deadline for the parties to file a joint pretrial stipulation due on May 24, 2016 and the scheduled date of the pretrial conference on May 31, 2016 and trial on August 18, 19, 25 and 26, 2016. *See Status Conference and Scheduling Order*, ECF 21.  From this argument, it appears that Defendants' argument based on undue prejudice and bad faith is really due to undue delay by Plaintiff in seeking leave to amend.

"[I]n evaluating undue delay, [the courts] also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'"  *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citations omitted).  "We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."  *Id. citing inter alia, Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (citation omitted).   Defendants appear to have a colorable argument that there has been undue delay on the part of Plaintiff because the facts appear to have been known to him since the filing of the complaint based on his own statements in his March 2015 declaration, regardless of the statements made by Kabani in his deposition in February 2016, and Plaintiff waited 13 months after such knowledge, and after the discovery completion deadline, to seek leave to amend.  As Defendants argue, "The defendants would have conducted themselves differently had they known these claims for relief would be asserted at the last moment." *Mann Declaration* at 17, ECF 40.  However, as argued by Plaintiff, "Most courts hold delay alone is *not* enough to support denial of a motion for leave to amend.  Rather, there must be a showing of 'prejudice to the opposing party, *bad faith* by the moving party, or *futility* of amendment.'"  2 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 8:1501 at 8-206, *citing inter alia, Bowels v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)(emphasis in original).  "Delay may prejudice the opposing party's ability to respond to the proposed amendment or to prepare for trial . . . ."  *Id.*, ¶ 8:1517 at 8-210, *citing inter alia, Solomon v. North American*

*Life & Casualty Insurance Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion on the eve of the discovery deadline properly denied because it would have required reopening discovery, thus delaying proceedings). However, to justify denial of leave to amend, the prejudice must be *substantial. Id.*, ¶ 8:1518 at 8-210 (emphasis in original), *citing, Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)(showing of substantial prejudice and other factors required). As the Ninth Circuit observed, even if "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense," this "is not fatal to amendment, but it enters into the balance." *Morongo Band of Mission Indians v. Rose,* 893 F.2d at 1079 (citation omitted).

Given the liberal policy for amendment of pleadings and the lack of substantial prejudice demonstrated here, the court should and will grant Plaintiff's motion for leave to file a first amended complaint. Having determined that the motion should be granted, this does not mean that the court may not mitigate any prejudice that may result from granting the motion. Because Plaintiff is now authorized to file his first amended complaint, the pleadings are no longer at issue because Defendants have not yet had any opportunity to formally respond to the first amended complaint now authorized. Defendants raise a good point that allowing Plaintiff to file a first amended complaint forces them to respond to the newly amended complaint at the time that they must participate in the preparation of a joint pretrial stipulation and otherwise prepare for a pretrial conference and trial. Moreover, since there are new claims, Defendants may have a need for further discovery and pretrial preparation as to Plaintiff's new claims despite Plaintiff's protestations that there are no new facts. Defendants may have a valid argument that they may need to conduct themselves differently now that there are new and additional claims asserted against them. Thus, to provide for orderly and reasonable case preparation in this matter for both the parties and the court as well as according procedural due process to

Defendants in defending the new and additional claims asserted by Plaintiff and alleviating any procedural unfairness from Plaintiff's prolonged delay in amending his pleadings, the court orders as follows:

1. Plaintiff's motion for leave to file a first amended complaint is granted, and Plaintiff is ordered to file and serve his first amended complaint within 7 days of entry of this order.
2. The hearing on Plaintiff's motion for leave to file a first amended complaint noticed for May 10, 2016 at 3:30 p.m. is vacated, and no appearances are required on May 10, 2016 for the motion.
3. Defendants may have until May 31, 2016 to serve and file a response to Plaintiff's first amended complaint.
4. The discovery proceedings are reopened in light of Plaintiff's new and additional claims in the first amended complaint, and the discovery completion date is extended to July 15, 2016.
5. A further status conference is set for June 21, 2016 at 1:30 p.m. A joint status report must be filed on or before June 14, 2016.
6. The pretrial conference scheduled for May 31, 2016 at 2:00 p.m. is continued to August 9, 2016 at 2:00 p.m. The deadline of May 24, 2016 to file a joint pretrial stipulation is continued to August 2, 2016.

IT IS SO ORDERED.

###

Date: May 9, 2016

_____
Robert Kwan
United States Bankruptcy Judge