**FILED & ENTERED**

MAY 09 2016

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>L. Scott Apparel, Inc.,<br><br>  Debtor. | Case No. 2:13-bk-26021-RK<br><br>Chapter 11<br><br>Adv. No. 2:15-ap-01122-RK |
| Howard Grobstein as Liquidating Trustee of L. Scott Apparel, Inc.,<br><br>  Plaintiff,<br><br>v.<br><br>Lowell S. Sharron, an individual; Beyond Basics, LLC dba Daily Threads, a California limited liability company; and DOES 1-10, inclusive,<br><br>  Defendants. | **ORDER ON PLAINTIFF'S MOTION AND APPLICATION FOR: (1) ORDERS FOR ISSUANCE OF WRITS OF ATTACHMENT AGAINST DEFENDANTS, AND (2) ISSUANCE OF PRELIMINARY INJUNCTION FREEZING ASSETS OF LOWELL S. SHARRON PENDING CONCLUSION OF LITIGATION AND FOR SUPPLEMENTAL BRIEFING AND EVIDENCE AND CONTINUANCE OF HEARINGS**<br><br>Date:     May 10, 2016<br>Time:    3:30 p.m.<br>Courtroom: 1675 |

Pending before the court is the motion of Plaintiff Howard Grobstein, Liquidating Trustee of L. Scott Apparel Inc. Bankruptcy Liquidating Trust ("Plaintiff") for: (1) orders for issuance of writs of attachment against defendants and (2) issuance of preliminary injunction freezing assets of Lowell S. Sharron pending conclusion of litigation ("Motion").

1   ECF 25.  The Motion, which was noticed for hearing on May 10, 2016 at 3:30 p.m.,

2   relates to two applications, both for right to attach orders and orders for issuance of writs

3   of attachment ("Applications") filed against Defendant Lowell Sharron, ECF 26, and

4   Defendant Beyond Basics, LLC, dba Daily Threads, ECF 28, (collectively, "Defendants").

5   Defendants filed an opposition to the Motion, ECF 43, and Plaintiff filed a reply thereto,

6   ECF 55.  Defendants also filed an opposition to the Applications and a claim of

7   exemption.  ECF 41.  Plaintiff filed an opposition to Defendants' claim of exemption.  ECF

8   46.  Brian L. Davidoff and Lori L. Werderitch, of the law firm of Greenberg Glusker

9   Claman & Machtinger LLP, represent Plaintiff.  Lloyd S. Mann, of Law Offices of Mann &

10  Zarpas, represents Defendants.

11         The Motion and corresponding Applications relate to the Motion for Leave to File

12  First Amended Complaint, ECF 23, which this court is concurrently entering an order

13  granting.  The Motion for Leave to File First Amended Complaint seeks to add additional

14  causes of action against Defendants for Account Stated and Open Book Account, and a

15  cause of action against Defendant Sharron for an Accounting.  Because the Motion

16  appears to be based on the additional causes of action which Plaintiff seeks to add to his

17  complaint through his Motion for Leave to File First Amended Complaint, and which this

18  court is now granting by separate order, and for the additional reasons stated below, the

19  court would determine that it would be procedurally improper at this time to grant the

20  Motion and issue writs of attachment based upon claims in the first amended complaint

21  which has not yet been "filed".  Leave of court was required for Plaintiff to file the first

22  amended complaint.  *See* Federal Rule of Bankruptcy Procedure 7015, making Federal

23  Rule of Civil Procedure 15(a)(2) applicable to this adversary proceeding.  By separate

24  order being entered concurrently herewith, the court is granting Plaintiff's motion for leave

25  to file his first amended complaint.  The first amended complaint is not officially filed until

26  Plaintiff files it pursuant to this order.  "A complaint must be filed before plaintiff may apply

27  for an attachment."  1 Ahart and Paris, *California Practice Guide: Enforcing Judgments*

28

*and Debts,* ¶ 4:111 at 4-28 (2015), *citing,* California Code of Civil Procedure §§ 484.010, 485.210 and 492.020. "Attachment is a purely *statutory* remedy. The attachment statutes are subject to *strict construction*—i.e., unless specifically provided for by the attachment law, no attachment procedure may be ordered by the court." 1 Ahart and Paris, *California Practice Guide: Enforcing Judgments and Debts,* ¶ 4:15 at 4-6 (emphasis in original), *citing inter alia, Nakasone v. Randall,* 129 Cal.App.3d 757, 761 (1982)(citation omitted).

      Having reviewed the moving and opposing papers, the Applications, the exhibits and declarations attached therein, and the record before the court, the court determines that an evidentiary hearing needs to be set to address and decide the claims and defenses relating to the Motion and related Applications and therefore issues the following rulings and sets the following schedule:

      Regarding the Motion's merits as to the requested right to attach orders and orders for issuance of writs of attachment, the court observes that Plaintiff in his moving papers does not state the applicable legal standard for showing that the court should issue the requested writs of attachment. Plaintiff cites California Code of Civil Procedure § 483.010, *Motion* at 8-13, which addresses which claims are subject to attachment, *see also, Nakasone v. Randall*, 129 Cal.App.3d at 761-762 rather than California Code of Civil Procedure § 484.090, which sets forth the proper standard for determining whether a writ of attachment should be issued:

> (a)   At the hearing, the court shall consider the showing made by the parties appearing and shall issue a right to attach order, which shall state the amount to be secured by the attachment determined by the court in accordance with Section 483.015 or 483.020, if it finds all of the following:
> (1)   The claim upon which the attachment is based is one upon which an attachment may be issued.
> (2)   The plaintiff has established the probable validity of the claim upon which the attachment is based.
> (3)   The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
> (4)   The amount to be secured by the attachment is greater than zero.

*See also,* 1 Ahart and Paris, *California Practice Guide: Enforcing Judgments and Debts,* ¶ 4:263 at 4-60, *citing inter alia, Loeb & Loeb v. Beverly Glen Music, Inc.,* 166 Cal.App.3d 1110, 1116 (1985).  Plaintiff does not exactly address the elements of a claim for a writ of attachment in his moving papers, but the court in reading these papers could infer that Plaintiff could put together plausible claims for attachment against Defendants that he now has claims against them in the first amended complaint now authorized for filing, which are for Account Stated and Open Book Account, based on Defendant Sharron's deposition testimony and Debtor's books and records.  However, as indicated in the opposition of Defendants, the claims are disputed on various grounds, including their asserted defenses based on their claims of rights of setoff and exemption.  Accordingly, the court believes that the prudent and appropriate action to take with respect to Plaintiff's claims and Defendants' defenses is to set an evidentiary hearing pursuant to California Code of Civil Procedure § 484.040 on these claims and defenses.  Because this litigation is an adversary process, the court believes that Plaintiff should expressly address the elements of a claim of writ of attachment under California Code of Civil Procedure § 484.090 based on the evidence he submitted in the first instance by filing a supplemental brief rather than having the court attempt to reconstruct Plaintiff's arguments in his motion into a coherent analysis under the applicable legal standard under the statute, and of course, Defendants may file and serve a response to such supplemental briefing.

     As to Plaintiff's Motion requesting that the court enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Rule 7065 of the Federal Rules of Bankruptcy Procedure, freezing Sharron's assets pending trial, the court determines that such request also requires an evidentiary hearing.  To determine whether to issue a preliminary injunction, the court "balances the plaintiff's likelihood of success against the relative hardship to the parties. To receive a preliminary injunction, [a plaintiff is] required to show either a

likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor. These two alternatives represent extremes of a single continuum, rather than two separate tests." *In re Focus Media Inc.*, 387 F.3d 1077, 1085 (9th Cir. 2004) (citation omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008)(citation omitted). Based on this record, the court would deny Plaintiff's request for a preliminary injunction for failure to meet its burden of showing with sufficient evidence the possibility of irreparable injury or that the balance of hardships tips sharply in his favor. Plaintiff's argument on irreparable harm and balance of hardships was as follows:

> The further dissipation of creditor assets by Sharron, obtained through his improper diversions over time, certainly tips the balance of the harms in Plaintiff's favor and constitutes irreparable injury. Such disposition of assets would make ultimate loss by the creditors a virtual certainty. Based on Sharron's historical pattern, the risk of asset dissipation is very real.

Motion at 15. There was no evidence cited in support of this argument. *Id.* Also, there is a logical disconnect between "diversion" and "dissipation," that is, one does not necessarily lead to the other. In any event, improper diversion is disputed by Defendants, dissipation is not shown with evidence at this point, and argument is not a substitute for admissible evidence in this court.

For the foregoing reasons, the court orders as follows:

1. The hearings on Plaintiff's Motion and the Applications, ECF 25, 26 and 28, are continued to June 22, 2016 at 9:00 a.m. for an evidentiary hearing before the undersigned United States Bankruptcy Judge in Courtroom 1675 at 255 East Temple Street, Los Angeles, California 90012. The court is scheduling a one-day evidentiary hearing from 9:00 a.m. to 12 noon and 1:30 p.m. to 4:30 p.m. No appearances are required on May 10, 2016 on the Motion and the Applications.

5

2. Plaintiff has until June 8, 2016 to file and serve a supplemental brief and supplemental declarations and other evidence in support of his claims to address the deficiencies identified in this order

3. Defendants have until June 15, 2016 to file and serve a responsive brief and supplemental declarations and other evidence in response to Plaintiff's supplemental declarations and evidence.

4. The parties are expected to have witnesses whose declarations are submitted available at the evidentiary hearing for cross-examination.

IT IS SO ORDERED

###

Date: May 9, 2016

_____
Robert Kwan
United States Bankruptcy Judge

6