FILED & ENTERED

AUG 08 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:13-bk-26021-RK |
| L. SCOTT APPAREL, INC., | Chapter 11 |
| Debtor. | Adv. No. 2:15-ap-01122-RK |
| HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel Inc., | **SEPARATE STATEMENT OF DECISION IN SUPPORT OF ORDERS GRANTING IN PART AND DENYING IN PART MOTION AND APPLICATION OF LIQUIDATING TRUSTEE FOR ORDERS FOR ISSUANCE OF WRITS OF ATTACHMENT AGAINST DEFENDANTS LOWELL S. SHARRON AND BEYOND BASICS, LLC dba DAILY THREADS** |
| Plaintiff, | |
| vs. | |
| LOWELL S. SHARRON, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive, | |
| Defendants. | DATE: July 14, 2016<br>TIME: 1:30 p.m.<br>PLACE: Courtroom 1675 |

Having considered the moving, opposing and reply papers, the testimony and exhibits admitted at the evidentiary hearing on June 22, 2016 on the motion and application of Howard Grobstein as liquidating trustee for orders for issuance of writs of attachments against defendants Lowell S. Sharron and Beyond Basics, LLC dba Daily Threads, and the oral and written arguments of the parties at the hearings on May 10,

2016, June 22, 2016 and July 14, 2016, and issued orders granting in part and denying in part the motion and application,

The court further orders for purposes of the liquidating trustee's motion and application for orders for issuance of writs of attachment as follows:

1. The court determines that the date of the breach by defendants of their obligations to pay loans back to debtor, giving rise to the right to attach is the date that debtor, L. Scott Apparel, Inc., became insolvent on June 19, 2013, the date of the filing of the date of the involuntary bankruptcy petition.  The court has considered the opinions of the parties' respective expert witnesses on the solvency of the debtor and gives greater weight to the opinion of defendants' expert, Coral Hansen.  Neither expert witness provided a credible opinion of balance sheet solvency based on fair valuations in that Hansen admitted that he did not conduct a fair valuation analysis and that the so-called fair valuation analysis of plaintiff's expert witness, David Wall, only consisted of unexplained and thus, apparently arbitrary, adjustments in the book values of debtor's assets.  The opinion of defendants' expert witness, Hansen, better explains debtor's financial condition and eventual insolvency based on the refusal of debtor's supplier, Kody, to ship merchandise to debtor, leading to the cancellation of debtor's customer orders, and when this happened in early 2013, by the time that the involuntary bankruptcy petition was filed in June 2013, debtor was generally unable to pay its debts as they became due.  11 U.S.C. § 101(32); California Civil Code, § 3439.02.  When debtor became insolvent, defendants as borrowers on outstanding loans made by debtor to them were obligated to repay the loans.  *See, e.g., Saracco Tank & Welding Co. v. Platz,* 65 Cal.App.2d 306 (1944)(stating general rule in California assets of an insolvent corporation are held in trust for the benefit of creditors and shareholders).

2. The date of the breach deemed to be June 19, 2013 also constitutes the date on which prejudgment interest on the obligations owed to debtor is due for purposes of California Civil Code § 3287(a).

3. The court also deems the date of the breach of June 19, 2013 to constitute the date on which defendant Sharron may assert any offset of the obligation of the debts of $350,000 owed by debtor to him, which amount is admitted by plaintiff for purposes of the motion and application for orders for issuance of writs of attachment.  In this regard, the court notes that debtor and defendants had a continuing course of conduct in lending money to each other with no fixed terms, and it makes sense that when debtor became insolvent and defendants as net borrowers had the obligation to pay back the outstanding loans since debtor's insiders, including defendant Sharron, no longer had the right to use the equity or assets of debtor previously a solvent entity, but allow him an offset to the extent that the debtor owed him for its loans from him at the same time he became obligated to repay debtor.  Since the debts are mutually offsetting with the balance owed by defendant Sharron, there is no need to consider the rate of any prejudgment interest on the obligations owed by debtor to him.

4. The court sets a bond of $10,000 as the undertaking for issuance of the writ of attachment against defendant Sharron in order to protect him for any potential injury should the attachment be later found to have been wrongful.  California Code of Civil Procedure §§ 489.210 and 489.220(a) and (b).  In this regard, the court agrees with the trustee that the amount of the undertaking should be minimal because the amount owed by Sharron as shown on debtor's books and records is not disputed.

5. The court sets a bond of $10,000 as the undertaking for issuance of the writ of attachment against defendant Beyond Basics LLC in order to protect it for any potential injury should the attachment be later found to have been wrongful.

California Code of Civil Procedure §§ 489.210 and 489.220(a) and (b).  In this regard, the court agrees with the trustee that the amount of the undertaking should be minimal because the amount owed by Beyond Basics as shown on debtor's books and records is not disputed.

**IT IS SO ORDERED.**

###

Date: August 8, 2016

_____
Robert Kwan
United States Bankruptcy Judge