FILED & ENTERED

JAN 29 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>L. SCOTT APPAREL, INC.,<br>　　　　　Debtor.<br>_____<br>HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel Inc.,<br>　　　　　Plaintiff,<br>　　　vs.<br>LOWELL S. SHARRON, an individual; BEYOND BASICS, LLC dba DAILY THREADS, a California limited liability company; and DOES 1-10, inclusive,<br>　　　　　Defendants. | Case No. 2:13-bk-26021-RK<br>Chapter 11<br>Adv. No. 2:15-ap-01122-RK<br>**JUDGMENT ON (1) TRUSTEE'S ADVERSARY COMPLAINT AGAINST DEFENDANTS LOWELL SHARRON AND BEYOND BASICS, LLC AND (2) CONSOLIDATED OBJECTION TO SHARRON'S PROOF OF CLAIM AND ADMINISTRATIVE EXPENSE CLAIM**<br>Trial Dates<br>August 18, 19, and 25, 2016, and December 15, 2016 |

　　　The court having set forth its findings of facts and conclusions of law after trial in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52 on: (1) the First Amended Complaint of Plaintiff Howard Grobstein as Liquidating Trustee of L. Scott Apparel, Inc. ("Trustee" or "Plaintiff") for Fraudulent Transfer; Recharacterization of Debt; Breach of Fiduciary Duty; Goods Sold and Delivered; Alter Ego; Corporate Waste; Objection to Claim; Preference; Account Stated; Open Book Account; and Accounting, against Defendants Lowell S. Sharron ("Sharron")

-1-

and Beyond Basics, LLC (collectively, the "Defendants"), Electronic Case File Number 64, filed in the adversary proceeding on May 11, 2016, and (2) the contested matters of Trustee's Consolidated Objection to Sharron's Proof of Claim, and Sharron's Motion for Order Compelling Debtor to Pay (i) Administrative Expense and Prepetition Unsecured Wage Claims; and (ii) Equity Interest, Main Bankruptcy Case Electronic Case File Number 298, filed in the main bankruptcy case on March 3, 2015, **judgment is hereby entered as follows**:

    (1)    For the Defendants on the First Claim for Relief for avoidance and recovery of actual fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550.

    (2)    For the Defendants on the Second Claim for Relief for avoidance and recovery of actual fraudulent transfer pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1).

    (3)    For the Defendants on the Third Claim for Relief for avoidance and recovery of fraudulent transfer pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) and 3439.05, except for Plaintiff and against Sharron in the amount of $15,259.02 in prepaid automobile loan payments made by Debtor on behalf of Sharron and for Plaintiff and against Beyond Basics in the amount of $8,131.09 in expenses of Beyond Basics paid on behalf of Beyond Basics after Debtor became insolvent on June 1, 2013.

    (4)    For Plaintiff on the Fourth Claim for Relief for recharacterization of Sharron's claim of debt as equity.

    (5)    For Defendant Sharron on the Fifth Claim for Relief for breach of fiduciary duty, except for Plaintiff and against Sharron in the amount of $15,259.02 in prepaid automobile loan payments made by Debtor on behalf of Sharron and in the amount of

///
///
///
///

$8,131.09 in expenses of Beyond Basics paid on behalf of Beyond Basics after Debtor became insolvent on June 1, 2013. [1]

    (6)    For the Defendants on the Sixth Claim for Relief for goods sold and delivered.

    (7)    For the Defendants on the Seventh Claim for Relief for corporate waste.

    (8)    For Defendant Sharron on the Eighth Claim for Relief for equitable subordination.

    (9)    On the Ninth Claim for Relief and claims objection, as follows:

        a. Sharron's claim of $350,000 for the Subordinated Debt is disallowed because the court has recharacterized this amount claimed as debt as equity.

        b. Sharron's unsecured priority claim of $38,233.12 for unpaid wages during the Gap Period wages is allowed pursuant to 11 U.S.C. §§ 502(f) and 507(a)(3), and in allowing such claim, Trustee must account for, withhold, and/or pay applicable federal and state employment and unemployment taxes related to such wages before crediting or paying Sharron the net amount of the claim based on this judgment.

        c. Sharron's administrative expense claim of $75,500.00 for unpaid wages covering the period between case conversion and plan confirmation is allowed pursuant to 11 U.S.C. § 503(b), and in allowing such claim, Trustee must account for, withhold, and/or pay applicable federal and state employment and unemployment taxes related to such wages before crediting or paying Sharron the net amount of the claim based on this judgment.

///

///

---

[1] Although the court determines that Plaintiff is entitled to partial recovery against Defendants on his Third and Fifth Claims for Relief, Plaintiff is not entitled to multiple recoveries of the amounts awarded since the amounts awarded are the same amounts under different theories of recovery.

    d.  Sharron's administrative expense claim of $260,000.00 claimed as bonus compensation for work in the period between case conversion and plan confirmation is disallowed.

    e.  Sharron's administrative expense claim for unreimbursed expenses is partially allowed in the amount of $11,088.00.

    f.  Sharron's administrative expense claim for damages based on alleged violations of California Labor Code § 203 is allowed in the amount of $8,000.00 representing 30 days of wages based at his final pay rate of $8,000.00 per month, and in allowing such claim, Trustee must account for, withhold, and/or pay applicable federal and state employment and unemployment taxes related to such wages before crediting or paying Sharron the net amount of the claim based on this judgment. Sharron is also entitled to an award of reasonable attorneys' fees of $5,000.00 as part of his allowed administrative expense claim for damages based on alleged violations of California Labor Code § 203.

    (10)  For the Defendants on the Tenth Claim for Relief for avoidance and recovery of preferential transfer pursuant to 11 U.S.C. §§ 547 and 550.

    (11)  For the Plaintiff on the Eleventh Claim for Relief for account stated. The outstanding balance on the Due from Officer Account is $567,194.13. The outstanding balance on the Due from Officer Account is $567,194.13, and Defendant Sharron owes this amount to Plaintiff, plus prejudgment interest at 10% per annum from the date of the filing of the adversary complaint on March 3, 2015 to the date of entry of judgment in this adversary proceeding. The outstanding balance on the Due from Beyond Basics Account is $502,008.46, and Defendant Beyond Basics owes this amount, plus prejudgment interest at 10% per annum from the date of the filing of the adversary complaint on March 3, 2015 to the date of entry of judgment in this adversary proceeding. Post-judgment interest is allowed pursuant to 28 U.S.C. § 1961. Sharron may not set off the postpetition debts owed by the bankruptcy estate to him against the prepetition debts owed by him to the estate.

1     (12)   For the Plaintiff on the Twelfth Claim for Relief for open book account. The outstanding balance on the Due from Officer Account is $567,194.13, and Defendant Sharron owes this amount to Plaintiff, plus prejudgment interest at 10% per annum from the date of the filing of the adversary complaint on March 3, 2015 to the date of entry of judgment in this adversary proceeding. The outstanding balance on the Due from Beyond Basics Account is $502,008.46, and Defendant Beyond Basics owes this amount, plus prejudgment interest at 10% per annum from the date of the filing of the adversary complaint on March 3, 2015 to the date of entry of judgment in this adversary proceeding. Post-judgment interest is allowed pursuant to 28 U.S.C. § 1961.  In this regard, the court notes that Plaintiff is entitled to a single recovery against each defendant on the Eleventh and Twelfth Claims for Relief.  Post-judgment interest is allowed pursuant to 28 U.S.C. § 1961.  Sharron may not set off the postpetition debts owed by the bankruptcy estate to him against the prepetition debts owed by him to the estate.

    (13)   No relief will be granted on the Thirteenth Claim for Relief for an accounting because Trustee abandoned that Claim before trial.  *See* Contested Fact (11), Joint Pretrial Stipulation, ECF 97 at 31, and Legal Issue (12), Joint Pretrial Stipulation, ECF 97 at 38.

    IT IS SO ORDERED.

###

Date: January 29, 2019

_____
Robert Kwan
United States Bankruptcy Judge